James E. BAYS et al.,
Plaintiffs-Appellants,

v.

Edward B. MILLER et al.,
Defendants-Appellees.

No. 73–3336.

United States Court of Appeals,
Ninth Circuit.

Oct. 16, 1975.

Howard C. Hay (argued), Paul, Hastings, Janofsky & Walker, Los Angeles, Cal., for plaintiffs-appellants.

Alan Cirker, Atty., App. Court Branch (argued), Washington, D.C., for defendants-appellees.

## OPINION

Before ELY and CHOY, Circuit Judges, and SOLOMON,* District Judge.

CHOY, Circuit Judge:

The Associated Independent Owner Operators, Inc. (AIOO), is an association of dump truck owners who provide hauling services for construction contractors. For several years, contracts between contractors and the Teamsters Union have provided for representation of these owner-operators by the Teamsters for work performed on job sites. The Union has attempted to broaden application of the contract to various off-site activities of owner-operators, picketing those employers who did not accede to its demands. The AIOO, contending that its members are independent contractors rather that employees of the construction firms, filed charges of unfair labor practices against the Teamsters, accusing the union of conducting illegal secondary boycotts in violation of the National Labor Relations Act § 8(b)(4), 29 U.S.C. § 158(b)(4). The owner-operators also petitioned the National Labor Relations Board (NLRB or Board) to decertify the Teamsters as their bargaining agent, again on the ground that the owner-operators were independent contractors, or, in the alternative, to hold decertification elections within the bargaining unit as then constituted. The Board held that owner-operators are employees of the contractors, and directed the holding of decertification elections with both employees and owner-operators included in the same bargaining units. Relying on the Board's holding, the General Counsel declined to issue a secondary boycott complaint against the Teamsters.

The AIOO asked the district court to enjoin the holding of an election under these conditions, and to direct the NLRB's General Counsel to reconsider the AIOO's unfair labor practice charges in light of a finding that the owner-operators are not employees of the construction contractors. The court held that it had no jurisdiction over NLRB certification decisions, or to order the General Counsel to reconsider his refusal to issue an unfair labor practice complaint. The AIOO appeals. We affirm.

### Certification

Any person aggrieved by a final order of the Board in response to an unfair labor practice complaint may petition the court of appeals for review. NLRA § 10(f), 29 U.S.C. § 160(f). These section 10(f) review provisions do not extend, however, to decisions by the Board in certifying collective bargaining representatives and conducting representation elections, pursuant to NLRA § 9, 29 U.S.C. § 159. *AFL v. NLRB,* 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347 (1940).

An employer aggrieved by a certification decision can secure review by refusing to bargain with the certified representative, thus precipitating a reviewable unfair labor practice finding by the Board. A person found to be an employee, however, as these owner-operators were, has no recourse. He has been subjected to "final agency action for which there is no other adequate remedy in a court," 5 U.S.C. § 704, and thus is entitled to the "basic presumption" of the availability of judicial review. *Abbott Laboratories v. Gardner,* 387 U.S. 136, 140, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

In recognition of this "basic presumption," the Supreme Court has permitted certain aggrieved parties to obtain judicial review in district court of final certification orders, utilizing the interstate commerce jurisdiction statute, 28 U.S.C. § 1337. *Leedom v. Kyne,* 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958). "[J]udicial review of a final agency action by an aggrieved person

---

* The Honorable Gus J. Solomon, United States District Judge, District of Oregon, sitting by designation.

will not be cut off unless there is persuasive reason to believe that such was the purpose of Congress." *Abbott Laboratories,* 387 U.S. at 140, 87 S.Ct. at 1511, *citing Leedom v. Kyne.*

*Boire v. Greyhound Corp.,* 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964), does not directly control our decision. In *Boire,* an employer rather than employees, attempted unsuccessfully to obtain district court review of a certification order. The employer's ability to obtain review by a refusal to bargain distinguished *Boire* from *Kyne,* where " 'absence of jurisdiction of the federal courts' would mean 'a sacrifice or obliteration of a right which Congress' has given professional employees, for there is no other means, within their control . . ., to protect and enforce that right." *Kyne,* 358 U.S. at 190, 79 S.Ct. at 185. Nevertheless, the *Boire* Court traced legislative history of the NLRA which strongly suggests Congress' intent to preclude all direct review of certification orders, final or otherwise. Evidence of this intention is strengthened by Congress' refusal in 1947 to expand the Act's provisions for review because of fear that parties would resort to appeals to delay representation proceedings. 376 U.S. at 477–79, 84 S.Ct. 894; *see also Kyne,* 358 U.S. at 191 *et seq.,* 79 S.Ct. 180, (Brennan, J., dissenting).

In *Kyne,* the Court found a congressional purpose overriding its desire to avoid delay. In section 9(b)(1) of the Act, 29 U.S.C. § 159(b)(1), Congress had given professional employees the right to a separate bargaining unit unless they consented to their being included in the same unit as non-professional employees. The Board had attempted to ignore this provision.

This Court cannot lightly infer that Congress does not intend judicial protection of rights it confers against agency action taken in excess of delegated powers. . . . Where, as here, Congress has given a 'right' to

the professional employees it must be held that it intended that right to be enforced . . . ..

358 U.S. at 190–91, 79 S.Ct. at 185. In *Kyne,* the Court was confronted with a situation where the Board, by its own admission, was depriving professional employees of a right granted them by Congress. The Court concluded that judicial intervention in the certification process was preferable to permitting the Board to ignore an explicit statutory requirement. On the other hand, where the Board finds that a party does not fall within the independent contractor exemption from the definition of "employee," it has complied with at least the form of the statute. To permit an employee to go behind this formal correctness and challenge the merits of the Board's finding, even by application of a narrow "abuse of discretion" standard, would require the Court to make a time-consuming analysis of the Board's factual findings and legal conclusions. The availability of such challenges would allow the dilatory maneuvers which Congress chose to prevent.

As the owner-operators point out, in reviewing unfair labor practice findings we have reversed some Board determinations that an employee was not an independent contractor. *See, e. g., Brown v. NLRB,* 462 F.2d 699 (9th Cir.), *cert. denied,* 409 U.S. 1008, 93 S.Ct. 441, 34 L.Ed.2d 301 (1972); *Carnation Co. v. NLRB,* 429 F.2d 1130 (9th Cir. 1970); *Associated Independent Owner-Operators, Inc. v. NLRB,* 407 F.2d 1383 (9th Cir. 1969). Nevertheless, we have not established a per se rule that truck owner-operators are invariably independent contractors. "Under agency principles, each case should be determined on its own facts." *Carnation,* 429 F.2d at 1133. Our decisions have not interpreted the Act as containing a "specific prohibition" (*Kyne,* 358 U.S. at 188, 79 S.Ct. 180) against classifying as "employees" those truckers who call themselves "owner-operators."

### Unfair Labor Practice

After the Board decided that owner-operators were employees rather than independent contractors, the General Counsel relied on this finding to dismiss the AIOO's unfair labor practice charges. It declined to issue a complaint. The AIOO asserts that the district court has jurisdiction to order the General Counsel to reconsider this refusal. Relying on *Southern California District Council of Laborers, Local 1184 v. Ordman,* 318 F.Supp. 633 (C.D.Cal.1970), the AIOO argues that a district court can require the General Counsel to reconsider a refusal to issue an unfair labor practice complaint when its refusal is based on an erroneous conclusion of law. The error claimed by the AIOO is, again, the Board's finding that owner-operators are "employees."

We reject this argument. Without deciding the validity of the *Local 1184* holding, we observe that the legal error found in that case was the General Counsel's incorrect interpretation of a statute of limitations. This "purely legal question," like that in *Kyne,* did not require a complex weighing of facts to resolve. A refusal to issue an unfair labor practice complaint is not reviewable in the court of appeals,[1] and neither is the certification decision in this case; an aggrieved party cannot combine the two to create jurisdiction in the district court. Acceptance of the AIOO's argument would permit routine avoidance of Congress' intent that certification decisions be nonreviewable by the simple expedient of securing a refusal to issue an unfair labor practice complaint. The district court correctly concluded that it lacked jurisdiction to require the General Counsel to reconsider its action.

Affirmed.

---

1. *Henderson v. ILWU, Local 50,* 457 F.2d 572, 578 (9th Cir. 1972); *see also Vaca v. Sipes,* 386 U.S. 171, 182, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).