Anthony BOVA, Plaintiff-Appellant,

v.

PIPEFITTERS & PLUMBERS LOCAL
60, AFL–CIO, et al.,
Defendants-Appellees.

No. 75–4242.

United States Court of Appeals,
Fifth Circuit.

June 20, 1977.

Jack Peebles, New Orleans, La., for plaintiff-appellant.

Paul V. Cassisa, Metairie, La., for C. J. Dietrich, et al.

John H. Smither, William A. Jones, Jr., Houston, Tex., for R. M. Parsons Co.

Jerry L. Gardner, Jr., New Orleans, La., for Plumbers Local 60.

Abigail Cooley, Asst. Gen. Counsel, Elinor Hadley Stillman, Atty., Washington, D.C., for defendants-appellees.

Before WISDOM and GEE, Circuit Judges, and BOOTLE[*], District Judge.

BOOTLE, District Judge:

The district court dismissed without opinion appellant Anthony Bova's amended complaint in which he sought damages on the ground that he had been deprived of employment opportunities and other interests[1] by a conspiracy composed of his employer, the Ralph Parsons Company, a local union[2] to which he did not belong and which had no collective bargaining agreement with respect to him, and several of their agents and employees.[3] Although neither the object nor the means of this alleged conspiracy was identified in the original or amended complaint,[4] it appears from the record that Bova was transferred to a less desirable position by the company, and eventually terminated, at the union's insistence because of his antipathy toward the union and its members. In similar fashion, he asserted that the company defendants[5] had conspired to harass him for filing unfair labor practice charges against the company and union with the National Labor Relations Board. In connection with these charges, Bova further complained, the regional director and a staff attorney of the National Labor Relations Board, and the Board itself, had conspired to deny him his rights under the Fifth Amendment and the National Labor Relations Act. His rather vague allegation in this regard is that the Board defendants somehow denied him these rights by acting improperly on the charges he filed which the NLRB regional director, affirmed by the NLRB General Counsel, declined to pursue.[6] Because we

---

[*] Senior District Judge of the Middle District of Georgia, sitting by designation.

1. Bova alleged that he had been damaged because he had been deprived of "his rightful, occupational position and job classification, his good reputation in the industry, supplementary monetary benefits, and other job related rights and benefits."

2. The local was affiliated with the Pipefitters and Plumbers Union, AFL–CIO.

3. Bova sued the union's business agent and ten employees of the company who held supervisory, engineering, and labor relations positions with the company.

4. The only indication in his complaint about what had happened was an attached letter to Bova from the Regional Director of the NLRB that no unfair labor practice had been committed in connection with Bova's transfer from the position of welding inspector to pile driving inspector.

5. He did not make these allegations against the union.

6. The Regional Director refused to issue a complaint against the union because he found that the union was not involved in the transfer. The director proposed a settlement of the charges against the company, including reinstatement of Bova to his previous position, which the company accepted. Bova, however, declined to accept the settlement, and demanded that further proceedings on his unfair labor practice charge be undertaken. The Regional Director refused, stating that "it does not appear that it would effectuate the purposes of the Act to institute further proceedings at this time."

conclude that Bova's complaint failed to state a claim over which the district court could have taken jurisdiction and granted relief, we AFFIRM.[7]

■ Bova has advanced both state and federal law theories which he contends entitle him to damages as a matter of law if he can prove the allegations of his complaint. Of course, because complete diversity of citizenship in this case is lacking,[8] he can rely on his state law rights only if he first demonstrates that the district court could consider them under its pendent jurisdiction which, at this early stage of the proceedings, would require at a minimum that his complaint state a claim based on federal law which can withstand a motion to dismiss for failure to state a claim on which relief can be granted.[9]

■ Bova insists that he has a claim against the company and union defendants under 42 U.S.C. § 1985(3), the conspiracy section of the Ku Klux Act passed during the Reconstruction period to enforce the Civil War Amendments. Having carefully examined the record in this case, we have been unable to find allegations of the "racial, or perhaps otherwise class-based, invidiously discriminatory animus" which is essential to state a claim under this statute. *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338, 348 (1971); see *McLellan v. Missisippi Power and Light Co.,* 545 F.2d 919, 928–29, 930 n. 60, & 931–33 (5th Cir. 1977) (en banc); *Jacobson v. Industrial Foundation of Permian Basin,* 456 F.2d 258 (5th Cir. 1972); cf. *United States v. DeLaurentis,* 491 F.2d 208, 211, 214 (2d Cir. 1974). Of course, any claim by Bova that he has been the victim of an unfair labor practice must be submitted to the National Labor Relations Board, not the district court, absent certain exceptions not applicable here.[10] Bova having failed to identify any other federal right on which he can seek relief against the company and union defendants, his complaint failed to state any claim on which relief could be granted on federal grounds. Diversity of citizenship being absent, therefore, the district court did not err in dismissing the entire complaint against the union and company defendants without regard to whether Bova had a viable state law claim. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218, 228 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

■ Bova's claim against the Board defendants borders on being frivolous. The investigation of unfair labor practice charges and whether an unfair labor practice complaint should be issued are matters committed by Congress, in 29 U.S.C. § 153(d), to the unreviewable discretion of the NLRB General Counsel and the Regional Director and other staff personnel who assist him.[11] While a district court may interfere with that discretion when the Board or its staff has acted "in excess of its delegated powers and contrary to a specific prohibition in the Act" which "is clear and mandatory,"[12] and while a district court

---

7. We therefore find it unnecessary to decide whether several of the defendants were properly subjected to the personal jurisdiction of the district court.

8. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

9. *E. g., United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218, 228 (1966).

10. *E. g., San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959); *Peltzman v. Central Gulf Lines, Inc.,* 497 F.2d 332 (2d Cir.

1974); *Marydale Products Co. v. United Packinghouse Workers,* 322 F.2d 224 (5th Cir. 1963); *Barunica v. United Hatters, Cap and Millinery Workers,* 321 F.2d 764 (8th Cir. 1963).

11. See e. g., *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 138–39, 95 S.Ct. 1504, 1510–11, 44 L.Ed.2d 29, 40 (1975); *Vaca v. Sipes,* 386 U.S. 171, 182, 87 S.Ct. 903, 912, 17 L.Ed.2d 842, 853 (1967).

12. *Leedom v. Kyne,* 358 U.S. 184, 188, 79 S.Ct. 180, 184, 3 L.Ed.2d 210, 214 (1958).

may correct a deprivation of constitutional rights by Board procedures "when there is a substantial showing on the face of the complaint that such violation existed," [13] neither situation is present here. Bova's mere conclusory allegations that the Board defendants "did not fulfill their legal obligations" and "denied their legislatively expressed and explicit powers to subpoena witnesses for pursuit of petitioners [sic] action" are insufficient to merit a district court inquiry into the situation, particularly where Bova has not demonstrated in what manner the Board procedures have been inadequate to uncover the facts relevant to his charge.[14]

Appellant Bova's complaint failing to state a claim on which, under any conceivable set of circumstances fairly raised by the complaint, the district court had jurisdiction to grant relief, the district court's judgment dismissing the complaint is, in all respects,

AFFIRMED.

---

**13.** *Balanyi v. IBEW,* 374 F.2d 723, 726 (7th Cir. 1967), *citing Boire v. Miami Herald Publishing Co.,* 343 F.2d 17, 21 (5th Cir. 1965); *accord, McLeod v. United Brotherhood of Indus. Workers,* 288 F.2d 198, 201 (2d Cir. 1961); *see Braden v. Herman,* 468 F.2d 592 (8th Cir. 1972), *cert. denied,* 411 U.S. 916, 93 S.Ct. 1546, 36 L.Ed.2d 308 (1973); *Saez v. Goslee,* 463 F.2d 214 (1st Cir.), *cert. denied,* 409 U.S. 1024, 93 S.Ct. 466, 34 L.Ed.2d 316 (1972); *International Ass'n of Tool Craftsmen v.*

*Miller,* 389 F.Supp. 1078, 1083 (E.D. Tenn. 1974), *aff'd table,* 513 F.2d 631 (6th Cir. 1975); *cf. NLRB v. IBEW,* 445 F.2d 1015, 1016 n. 2 (9th Cir. 1971).

**14.** *See Concrete Materials of Georgia, Inc. v. NLRB,* 440 F.2d 61 (5th Cir. 1971).