**PACIFIC SOUTHWEST AIRLINES, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 78–1599.**

United States Court of Appeals, Ninth Circuit.

Jan. 22, 1980.

Ronald G. Rickard (argued), and Paul G. George, Meserve, Mumper & Hughes, Los Angeles, Cal., on brief for petitioner.

Margery E. Lieber, N. L. R. B., Washington, D. C., for respondent.

---

Before MERRILL and SNEED, Circuit Judges, and REAL *, District Judge.

SNEED, Circuit Judge:

Pacific Southwest Airlines (PSA) petitions this court to review a determination of the General Counsel of the National Labor Relations Board (Board) not to issue an unfair labor practice complaint upon an unfair labor practice charge filed by PSA against the International Brotherhood of Teamsters, Airline, Aerospace & Allied Employees, Local 270 (Union) for its alleged refusal to permit disclosure of information required by PSA to prepare for arbitration of a grievance. PSA acknowledges the general principle that the General Counsel's determination not to issue a complaint is unreviewable by the Board or the Court of Appeals, but contends that review is nevertheless available where the General Counsel has acted contrary to constitutional or statutory mandates. The Board contends that the General Counsel's determination is not a "final order" within the meaning of section 10(f) of the National Labor Relations Act (Act) and thus is not reviewable by the Court of Appeals. We hold that even assuming that the General Counsel's determination was a final order, it is not subject to review on petition to this court.

## I. FACTUAL BACKGROUND

On September 12, 1977, PSA filed an unfair labor practice charge with the Board against the Union, alleging that the Union had refused to bargain in good faith by impeding and denying PSA access to information relevant to grievance proceedings between the parties.[1] PSA had terminated two employees for allegedly drinking alcoholic beverages in a PSA facility. The termination was based in part on information obtained from three other employees: Green, Sharpe and Ingalls. The Union filed a grievance on behalf of the two discharged employees. Arbitration proceedings were subsequently arranged.

PSA later learned from Union officials that the three witnessing employees had repudiated their earlier statements. Thereafter, in preparation for the arbitration proceeding, PSA again interviewed the three employees concerning the incident. Each employee refused to answer questions, stating that the Union had given instructions not to answer any questions regarding the arbitration proceeding or the incident. Employees Sharpe and Ingalls were subsequently discharged for their continued refusal to cooperate with PSA.

The Regional Director, on December 16, 1977, notified PSA that further proceedings were not warranted under the circumstances, and refused to issue a complaint. PSA appealed the decision to the General Counsel, asserting that the record of the arbitration proceeding held on the termination of Sharpe and Ingalls demonstrated that the Regional Director's refusal was based on erroneous findings of fact and misapplication of established Board and judicial precedent.

On February 24, 1978, the General Counsel notified PSA that:

It was concluded that the Union's request to employees Ingalls, Sharpe and Green

---

* Honorable Manuel L. Real, United States District Judge for the Central District of California, sitting by designation.

1. Specifically, PSA alleged violations of section 8(b)(1) and (3), 29 U.S.C. § 158(b)(1) and (3), which provides:

    (b) It shall be an unfair labor practice for a labor organization or its agents—
    (1) to restrain or coerce (A) employees in the exercise of the rights guaranteed in section 157 of this title: *Provided,* That this paragraph shall not impair the right of a

labor organization to prescribe its own rules with respect to the acquisition or retention of membership therein; or (B) an employer in the selection of his representatives for the purposes of collective bargaining or the adjustment of grievances;

    *    *    *    *    *    *

    (3) to refuse to bargain collectively with an employer, provided it is the representative of his employees subject to the provisions of section 159(a) of this title;

    *    *    *    *    *    *

not to answer the Employer's questions regarding the forthcoming arbitration involved no element of restraint or coercion and therefore did not constitute conduct proscribed by Section 8(b)(1)(A). Furthermore, as to the alleged violation of Section 8(b)(3), it could not be established that the Union's actions either modified the collective bargaining agreement or substantially frustrated the grievance-arbitration procedure. Accordingly, further proceedings herein were deemed unwarranted.

PSA filed a petition for review with this court on March 21, 1978. The Board moved to dismiss the petition on the basis that this court lacks jurisdiction to review the General Counsel's refusal to issue a complaint. A motions panel denied the motion, stating that the issue of judicial reviewability should be determined by the court after full briefing and oral argument.

## II. REASONS AND AUTHORITIES

The Board relies primarily on the assertion that the General Counsel's decision not to issue a complaint is not a "final," reviewable order within the meaning of section 10(f) of the Act.[2] It is not necessary to determine this issue. Even assuming that the decision was a final order within the meaning of section 10(f), it is not subject to review by this court on petition.

Section 3(d)[3] of the Act provides that the General Counsel "shall have final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints . . .." The Supreme Court, in dictum, has stated that "the Board's General Counsel has unreviewable discretion to refuse to institute an unfair labor practice complaint." *Vaca v. Sipes,* 386 U.S. 171, 182, 87 S.Ct. 903, 913, 17

L.Ed.2d 842 (1967). *Accord, Detroit Edison Co. v. NLRB,* 440 U.S. 301, 316, 99 S.Ct. 1123, 59 L.Ed.2d 333 (1979) (dictum); *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 138, 155, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975) (dictum). In *Sears,* the Court reviewed the administrative process involved:

> Although Congress has designated the Board as the principal body which adjudicates the unfair labor practice case based on such charge, 29 U.S.C. § 160, the Board may adjudicate only upon the filing of a "complaint"; and Congress has delegated to the Office of General Counsel "on behalf of the Board" the unreviewable authority to determine whether a complaint shall be filed. 29 U.S.C. § 153(d); *Vaca v. Sipes,* 386 U.S. 171, 182 [87 S.Ct. 903, 912, 17 L.Ed.2d 842] (1967). In those cases in which he decides that a complaint shall issue, the General Counsel becomes an advocate before the Board in support of the complaint. In those cases in which he decides not to issue a complaint, no proceeding before the Board occurs at all. The practical effect of this administrative scheme is that a party believing himself the victim of an unfair labor practice can obtain neither adjudication nor remedy under the labor statute without first persuading the Office of General Counsel that his claim is sufficiently meritorious to warrant Board consideration.

421 U.S. at 138–39, 95 S.Ct. at 1510.

This and other courts of appeals have adhered to the view that the General Counsel's decision not to issue a complaint is unreviewable by the Board or courts of appeals. *E. g., Bays v. Miller,* 524 F.2d 631, 634 (9th Cir. 1975); *Henderson v. ILWU, Local 50,* 457 F.2d 572, 578 (9th Cir.), *cert. denied,* 409 U.S. 852, 93 S.Ct. 65, 34 L.Ed.2d

---

2. 29 U.S.C. § 160(f) provides in pertinent part:
   (f) Review of final order of Board on petition to court
   Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have

been engaged in or wherein such person resides or transacts business, or in the United States Court of Appeals for the District of Columbia, by filing in such a court a written petition praying that the order of the Board be modified or set aside.

\* \* \* \* \* \*

3. 29 U.S.C. § 153(d).

95 (1972); *NLRB v. IBEW, Local Union 357*, 445 F.2d 1015, 1016 (9th Cir. 1971); *NLRB v. Lewis*, 249 F.2d 832, 838 (9th Cir. 1957); *Bova v. Pipefitters & Plumbers Local 60*, 554 F.2d 226, 228 (5th Cir. 1977); *International Ladies' Garment Workers Union, Local 415–475 v. NLRB*, 163 U.S.App. D.C. 263, 270, 501 F.2d 823, 830 (D.C.Cir. 1974); *Saez v. Goslee*, 463 F.2d 214, 215 (1st Cir.), *cert. denied*, 409 U.S. 1024, 93 S.Ct. 466, 34 L.Ed.2d 316 (1972).

■ We see no reason to create an exception to this principle. PSA, although acknowledging this general principle of unreviewability, nevertheless contends that review in this court is available where the General Counsel has acted in violation of constitutional or statutory mandates. This contention is misplaced. To the limited extent such review may be available, it is in a district court. *See Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958); *Bova v. Pipefitters & Plumbers Local 60*, 554 F.2d 226 (and cases cited therein).

Review Denied.

REAL, District Judge (dissenting).

I respectfully dissent.

I would send the matter back to the Board for consideration of what is an important and underlying issue in this case i. e., the reciprocity of the duty of good faith bargaining insofar as it would require a union to provide all relevant information to the employer to an informed and intelligent consideration of grievances and the arbitration process. Amicable settlement of the differences between labor and management is so fundamental to the statutory scheme of labor-management relations that such a decision should not be made by default as done in this case by the totally unsupported decision of the General Counsel not to process the complaint.

I believe the refusal of General Counsel to process a complaint is final Board action. *NLRB v. Sears, Roebuck and Company*, 421 U.S. 132, 138, 155, 95 S.Ct. 1504, 1510, 1518, 44 L.Ed.2d 29, 40, 50 (1975). Although couched in terms of dictum, the logic of *Sears* (supra) is compelling on this issue. Finality is clear in light of the overwhelming thrust of the National Labor Relations Act to address claims of individual rights in labor relations. If the majority would preclude review of General Counsel's decision nothing could be more final. If the Board will not act in the absence of action by General Counsel "on behalf of the Board," *Sears* (supra) 421 U.S. at p. 138, 95 S.Ct. at p. 1510, permitting a complaint to be heard on its merits the action of General Counsel totally frustrates a party's attempt to vindicate a claimed right under the NLRA.

It appears that the majority reluctantly concedes some sort of reviewability of General Counsel's action. In such a case the majority would relegate petitioner to institute proceedings in an appropriate United States District Court. Reliance on *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958) for the principle of District Court review is questionable if not misplaced. *Leedom* (supra) concerned action claimed to be in excess of jurisdiction. Here the action claimed is clearly within the jurisdiction of the Board but alleged to be an abuse of discretion and violative of constitutional and statutory rights. This Court has the jurisdiction to remedy such violations under Section 10(f) of the NLRA and it should be exercised in this case.

The Board in support of its position is parallel to its performance in the disposition of petitioner's complaint it has largely ignored the abuse of discretion issue relying almost entirely upon the jurisdictional question. The facts here exemplify a classic abuse of discretion and this Court ought to remedy the claimed violation in the manner courts have reviewed equivalent questions under Section 10 of the Administrative Procedure Act, 5 U.S.C. Section 701(a)(2). Let me be clear that I would not draw jurisdictional succor from 5 U.S.C. Section 701(a)(2) and the cases decided permitting review for abuse of discretion, but would rather rely upon the jurisdictional power given this Court by Section 10(f) of the NLRA permitting a party aggrieved to seek review in any Court of Appeals.

One final word. The position of the Board equating General Counsel with a public prosecutor is a distortion of their respective duties. A public prosecutor is elected or appointed to vindicate societal interests through the integrity of our criminal laws. Individual interests may benefit peripherally but that is neither the function of nor the result of a public prosecutor in the performance of his duty. General Counsel, in contrast, takes the position of an individual or entity in the vindication of a right peculiarly of personal interest to that individual or entity. The public may incidentally be benefited by peace in our industrial establishment but private rights are the primary concern of the function of General Counsel under the NLRA.

The matter ought to be remanded to the Board with instructions to file petitioner's complaint.