632 F.2d 30
 105 L.R.R.M. (BNA) 2513, 89 Lab.Cas. P 12,254
 ROCKFORD REDI-MIX CO., INC., and all similarly situated
employers, Plaintiff- Appellant,
v.
Glen ZIPP, John Irving, etc., and General Chauffeurs,
Helpers and Sales Drivers Union Local #325,
Defendants-Appellees.
 No. 80-1145.
 United States Court of Appeals,
Seventh Circuit.
 Argued June 5, 1980.
Decided Sept. 12, 1980.
 
 Gerard C. Smetana, Chicago, Ill., for plaintiff-appellant.
 Richard Michael Fischl, N.L.R.B., Washington, D.C., for defendants-appellees.
 Before SPRECHER, BAUER, Circuit Judges, and CAMPBELL, Senior District Judge.*
 PER CURIAM.
 
 
 1
 The first issue in this case is whether the district court had jurisdiction under 28 U.S.C. § 1337 to review a decision of the National Labor Relations Board denying certification to an expedited election conducted pursuant to § 8(b)(7)(C) of the National Labor Relations Act, 29 U.S.C. § 158(b)(7)(C), during the period in which challenges to the validity of the election were being resolved. A second issue is whether the district court had jurisdiction to compel the Board's General Counsel to issue an unfair labor practice complaint against a union that picketed for recognition after the holding of but prior to the certification of an expedited election. We affirm the district court's dismissal of the action for want of jurisdiction.
 
 
 2
 A decision of the Board in a certification proceeding is reviewable under § 1337 only if it exceeds the Board's jurisdiction and is contrary to a specific and unambiguous provision of the Act. Leedom v. Kyne, 358 U.S. 184, 188, 79 S.Ct. 180, 183, 3 L.Ed.2d 210 (1958); see Boire v. Greyhound Corp., 376 U.S. 473, 481-82, 84 S.Ct. 894, 898-899, 11 L.Ed.2d 849 (1964); Chicago Truck Drivers v. NLRB, 599 F.2d 816, 819 (7th Cir. 1979).[1] In this case, plaintiff Rockford Redi-Mix Co. contends that the Board's longstanding rule that an election becomes "valid" under § 8(b)(7)(B) of the Act when all challenges and objections to it have been resolved is contrary to the Act when applied to expedited elections conducted under § 8(b)(7)(C).[2] Specifically, the company argues as follows: 1) Congress intended by § 8(b)(7) (C) to prohibit recognition picketing for extended periods by providing for an expedited election process; 2) this intent would be thwarted if recognition picketing is permitted to continue beyond the date of an expedited election while the validity of the election is being resolved; 3) Congress therefore provided in § 8(b)(7)(C) that expedited elections must be certified "forthwith" in order to render them immediately "valid" within the meaning of § 8(b)(7)(B); 4) the board is therefore required to certify all expedited elections immediately, but may decertify or recertify them if post-election challenges or objections prove meritorious; and 5) this immediate certification means that unions that have lost expedited elections but have filed challenges or objections that may result in a reversal of that result or a determination that the election was not valid must, under § 8(b)(7)(B), cease all recognition picketing after the election is held and await, without picketing, the result of the challenges or objections.
 
 
 3
 Whatever the merits of this argument,[3] the short answer is that § 8(b)(7) (B) and § 8(b)(7)(C) do not "specifically" and "unambiguously" say what the company says they say. The former subsection speaks of valid elections; it does not, as the company contends, speak of two types of validity, one for expedited and one for nonexpedited elections. The latter subsection requires the Board to hold an election "forthwith"; it does not unambiguously state that the election shall be certified forthwith. Thus, while we express no opinion on the ultimate merit of the company's interpretation of the statute, we hold that that interpretation is not specifically or unambiguously dictated by the terms of the statute and is not, therefore, sufficient to give rise to § 1337 jurisdiction.[4]
 
 
 4
 The company also contends that the General Counsel violated the Act when he failed to issue an unfair labor practice complaint against a union that picketed for recognition after the date of an expedited election. It is at least subject to doubt whether the General Counsel's decision not to issue an unfair labor practice complaint is ever reviewable in federal court.[5] Assuming that limited review may be available under the principles of Leedom v. Kyne, supra,[6] the company's success here can be no greater than it was on the former issue. No specific and unambiguous provision of the Act requires action in conformity with the company's immediate certification theory, and § 1337 jurisdiction is, accordingly, not present to consider the General Counsel's failure to treat as valid an election that had not yet been determined to be valid.
 
 
 5
 The company is not entitled to attorney's fees. 28 U.S.C. § 2412; Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 265-68, 95 S.Ct. 1612, 1626-1627, 44 L.Ed.2d 141 (1975).
 
 
 6
 The judgment of the district court is affirmed.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable William J. Campbell, Senior Judge of the United States District Court for the Northern District of Illinois, Eastern Division, is sitting by designation
 
 
 [1]
 See also Physicians Nat. House Staff Ass'n v. Fanning, No. 78-1209 (D.C.Cir. July 11, 1980) (in banc); Modern Plastics Corp. v. McCulloch, 400 F.2d 14, 17-19 (6th Cir. 1968)
 
 
 [2]
 Subsections 8(b)(7)(B) & (C), 29 U.S.C. §§ 158(b)(7)(B) & (C), provide, in pertinent part,
 (b) It shall be an unfair labor practice for a labor organization or its agents
 (7) to picket or cause to be picketed, or threaten to picket or cause to be picketed, any employer where an object thereof is forcing or requiring an employer to recognize or bargain with a labor organization as the representative of his employees, or forcing or requiring the employees of an employer to accept or select such labor organization as their collective bargaining representative, unless such labor organization is currently certified as the representative of such employees:
 (B) where within the preceding twelve months a valid election under section 159(c) of this title has been conducted, or
 (C) where such picketing has been conducted without a petition under section 159(c) of this title being filed within a reasonable period of time not to exceed thirty days from the commencement of such picketing: Provided, That when such a petition has been filed the Board shall forthwith, without regard to the provisions of section 159(c)(1) of this title or the absence of a showing of a substantial interest on the part of the labor organization, direct an election in such unit as the Board finds to be appropriate and shall certify the results thereof . . ..
 
 
 [3]
 For the basis of the Board's contrary position, see Retail Store Employees' Union, Local 692, 134 N.L.R.B. 686, 688-90 & n.11 (1961). See also, e. g., Bartenders Local 36, 222 N.L.R.B. 821 (1976); International Hod Carriers, Local 840, 135 N.L.R.B. 1153, 1157 (1962); Teamsters Local 745, 135 N.L.R.B. 62, 63 (1962)
 We note that we have examined the passages cited by the parties from the legislative history of the Act and have concluded that congressional intent with respect to the question at issue is unclear. Compare, e. g., 105 Cong.Rec. 17327 (1959) (remarks of Sen. Kennedy) and 105 Cong.Rec. 17898 (1959) (remarks of Sen. Kennedy) with II Legislative History of the Labor-Management Reporting and Disclosure Act of 1959 at 1462(3) (1959) (statement of Cong. Rhodes) and id. at 1361(1) (remarks of Sen. Goldwater) (cited in Retail Store Employees' Union, Local 692, supra, 134 N.L.R.B. at 690 n.11).
 
 
 [4]
 The company has argued, alternatively, that we have jurisdiction to consider the merits because we may treat this appeal as a petition for review of a final Board order under § 10(f) of the Act, 29 U.S.C. § 160(f). The company brought this action in the district court by complaint under 28 U.S.C. § 1337; it is here on appeal from the judgment of the district court. Jurisdiction under § 10(f) may not be obtained by such means
 The company has also asked this court to pass on the validity of Board regulations reproduced at 29 C.F.R. §§ 101.23(c) & 102.77(b) (1979) and of procedures set forth in § 102446 of the General Counsel's Case Handling Manual. These provisions state, in substance, that pre-election hearings may be held prior to conducting an expedited election in certain extraordinary cases. The company contends they are in conflict with the clear command of § 8(b)(7)(C) of the Act. We do not rule on this issue, however, because there is no indication that these regulations have or will be applied to the company; there is, further, no indication of how or under what circumstances the regulations are applied by the Board and its General Counsel. We find the controversy as to them to be hypothetical, abstract, and not ripe for review. We also think the company lacks standing to contest their validity.
 
 
 [5]
 The Supreme Court has assumed several times that the decision is unreviewable. Detroit Edison Co. v. NLRB, 440 U.S. 301, 316, 99 S.Ct. 1123, 1132, 59 L.Ed.2d 333 (1979); NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 138-39, 154-55, 95 S.Ct. 1504, 1510-1511, 44 L.Ed.2d 29 (1975); Vaca v. Sipes, 386 U.S. 171, 182, 87 S.Ct. 903, 912, 17 L.Ed.2d 842 (1967). Appellate courts have often held it to be so. See, e. g., National Maritime Union v. NLRB, 423 F.2d 625, 626 (2d Cir. 1970) (per curiam); Contractors Ass'n v. NLRB, 295 F.2d 526 (3d Cir. 1961) (per curiam), cert. denied, 369 U.S. 813, 82 S.Ct. 689, 7 L.Ed.2d 612 (1962); Wellington Mill Div., West Point Mfg. Co. v. NLRB, 330 F.2d 579, 591 (4th Cir.), cert. denied, 379 U.S. 882, 85 S.Ct. 144, 13 L.Ed.2d 88 (1964); Hernandez v. NLRB, 505 F.2d 119, 120 (5th Cir. 1974) (per curiam); NLRB v. Bar-Brook Mfg. Co., 220 F.2d 832, 834 (5th Cir. 1955); Echols v. NLRB, 525 F.2d 288 (6th Cir. 1975) (per curiam); Mayer v. Ordman, 391 F.2d 889, 889-90 (6th Cir.) (per curiam), cert. denied, 393 U.S. 925, 89 S.Ct. 257, 21 L.Ed.2d 261 (1968); NLRB v. Tennessee Products & Chemical Corp., 329 F.2d 873, 875 (6th Cir.) (per curiam), cert. denied, 379 U.S. 833, 85 S.Ct. 66, 13 L.Ed.2d 42 (1964); Bays v. Miller, 524 F.2d 631, 634 (9th Cir. 1975); Henderson v. International Longshoreman's & Warehouseman's Union, Local 50, 457 F.2d 572, 578 (9th Cir.), cert. denied, 409 U.S. 852, 93 S.Ct. 65, 34 L.Ed.2d 95 (1972); General Drivers, Local 886 v. NLRB, 179 F.2d 492, 494-95 (10th Cir. 1950); Bandlow v. Rothman, 278 F.2d 866 (D.C.Cir.) (per curiam), cert. denied, 364 U.S. 909, 81 S.Ct. 273, 5 L.Ed.2d 224 (1960). Cf. Lincourt v. NLRB, 170 F.2d 306, 307 (1st Cir. 1948) (per curiam); United Electrical Contractors Ass'n v. Ordman, 366 F.2d 776, (2d Cir. 1966) (per curiam), cert. denied, 385 U.S. 1026, 87 S.Ct. 753, 17 L.Ed.2d 674 (1967); Newspaper Guild, Local 187 v. NLRB, 489 F.2d 416, 426 (3d Cir. 1973); Smith v. Local 25, Sheet Metal Workers, 500 F.2d 741, 747 (5th Cir. 1974); Shell Chemical Co. v. NLRB, 495 F.2d 1116, 1120-23 (5th Cir. 1974), cert. denied, 421 U.S. 963, 95 S.Ct. 1951, 44 L.Ed.2d 449 (1975); Laundry Workers, Local 221 v. NLRB, 197 F.2d 701, 703 (5th Cir. 1952); Tensing v. NLRB, 519 F.2d 365 (6th Cir. 1975) (per curiam); Balanyi v. Local 1031, IBEW, 374 F.2d 723, 726 (7th Cir. 1967); NLRB v. Lewis, 310 F.2d 364, 366-67 (7th Cir. 1962); NLRB v. Lewis, 249 F.2d 832, 838 (9th Cir. 1957), aff'd on other grounds, 357 U.S. 10, 78 S.Ct. 1029, 12 L.Ed.2d 1103 (1958)
 
 
 [6]
 See, e. g., Associated Builders & Contractors, Inc. v. Irving, 610 F.2d 1221, 1227 (4th Cir. 1979), cert. denied, --- U.S. ----, 100 S.Ct. 2941, 65 L.Ed.2d --- (1980); Illinois State Employees Council 34 v. NLRB, 395 F.Supp. 1011 (N.D.Ill. 1975), aff'd mem., 530 F.2d 979 (7th Cir. 1976). See also Pacific Southwest Airlines v. NLRB, 611 F.2d 1309, 1311-12 (9th Cir. 1980); Bova v. Pipefitters, Local 60, 554 F.2d 226, 228-29 (5th Cir. 1977); Saez v. Goslee, 463 F.2d 214, 214-15 (1st Cir.) (per curiam), cert. denied, 409 U.S. 1024, 93 S.Ct. 466, 34 L.Ed.2d 316 (1972). Cf. International Ladies' Garment Workers Union, Local 415-475 v. NLRB, 501 F.2d 823, 830 & n.26 (D.C.Cir. 1974); NLRB v. IBEW, Local 357, 445 F.2d 1015, 1016 n.2 (9th Cir. 1971); Division 1267, Motor Coach Employees v. Ordman, 320 F.2d 729, 730 (D.C.Cir. 1963); Retail Store Employees Union, Local 954 v. Rothman, 298 F.2d 330, 332 n.1 (D.C.Cir. 1962); Hourihan v. NLRB, 201 F.2d 187, 188 (D.C.Cir. 1952), cert. denied, 345 U.S. 930, 73 S.Ct. 792, 97 L.Ed. 1359 (1953). See generally Rosenblum, A New Look at the General Counsel's Unreviewable Discretion Not to Issue a Complaint under the NLRA, 86 Yale L.J. 1349 (1977)