**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LOCAL NO. 12, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL–CIO, Respondent,**

**and**

Operating Engineers Health and Welfare Fund, Operating Engineers Pension Trust, Operating Engineers Vacation-Holiday Savings Trust, Operating Engineers Training Trust, Southern California Operating Engineers Benefits Administration, Inc., and Leo J. Majich, Respondents.

**MAAS & FEDUSKA, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent,**

**and**

**Local No. 12, International Union of Operating Engineers, AFL–CIO, Intervenor,**

**and**

Operating Engineers Health and Welfare Fund, Operating Engineers Pension Trust, Operating Engineers Vacation-Holiday Savings Trust, Operating Engineers Training Trust, Southern California Operating Engineers Benefits Administration, Inc., and Leo J. Majich, Intervenors and Cross-Petitioners.

Nos. 80–7467, 79–7650, 80–7216 and 80–7104.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 1981.

Decided April 8, 1982.

C., Wilford W. Johnansen, N. L. R. B., Los Angeles, Cal., on brief.

Howard C. Hay, Hastings, Janofsky & Walker, Costa Mesa, Cal., for Maas & Feduska.

Wayne Jett, Jett, Clifford & Laquer, Los Angeles, Cal., for Operating Engineers Health & Welfare Fund.

Before CHAMBERS and WALLACE, Circuit Judges, and WHELAN, District Judge [*].

WHELAN, District Judge:

This matter includes four different appeals, each of which is related to the others. The parties to the various appeals are: The National Labor Relations Board (hereinafter referred to as the Board); Maas & Feduska, Inc. (hereinafter referred to as the Company); the International Union of Operating Engineers Local 12, AFL–CIO (hereinafter referred to as the Union); and the Operating Engineers Health and Welfare Fund, the Operating Engineers Pension Trust, the Operating Engineers Vacation-Holiday Savings Trust, the Operating Engineers Training Trust, the Southern California Operating Engineers Benefits Administration, Inc., and Leo A. Majich (hereinafter referred to as the Trusts). In brief, the appeals are concerned with: a petition of the National Labor Relations Board for enforcement of a 1979 order of the Board requiring the Union and the Trusts (as agents of the Union) to repay the amount paid by Maas & Feduska, Inc., to the Trusts resulting from events in 1975 (Case No. 80–7467); and the petition of the Board for enforcement of its order of November, 1979, ordering the Union to cease and desist from refusing to bargain collectively with Maas & Feduska, Inc., as more particularly set forth in the order and to take affirmative action as set forth in the

John H. Ferguson, Washington, D. C., argued, for N. L. R. B.; Elliott Moore, John H. Ferguson, N. L. R. B., Washington, D.

[*] Honorable Francis C. Whelan, United States District Judge, Central District of California, sitting by designation.

order; and a petition by the Company because of the failure of the Board to order monetary relief to said Company for events occurring in 1978.

The Company, in Case No. 79–7650, appeals from the 1979 order of the Board, which failed to require the Union and the Trusts to repay to the Company monies paid under protest by the Company in 1978 to stop the Union's strike against the Company. Also, Case No. 80–7216 is an appeal by the Company, again contending that the Board should have awarded monetary relief for the 1978 Union picketing and strike and for amounts paid by the Company under protest at that time. The Union and the Trusts have, by Case No. 80–7104, appealed from the cease and desist order of the Board issued with respect to the 1978 picketing and strike activities of the Union. The Board, by Case No. 80–7467, petitions for enforcement of the Board's award of money in favor of the Company and against the Union and the Trusts. The order making such award was made by the Board after an earlier appeal involving the same parties had been disposed of by this Court; such earlier appeal had in 1979 remanded the cause in question to the Board for further consideration in view of the Court's reversal of the earlier ruling by the Board.

The 1979 decision of this Court, in *Maas & Feduska, Inc. v. NLRB*, 632 F.2d 714 (9th Cir. 1979), reversed the decision of the Board which held that the Union was not guilty of an unfair labor practice when it conducted a strike and picketing because the Company did not pay to the Trusts any fringe funds payments for its President and Vice-President. Our Court, in the 1979 decision, held that inasmuch as the terms of the labor agreement between the Union and the Company provided that the President and the Vice-President had the right to be covered if they desired to be covered, their refusal to be covered was their right and such refusal was not a proper matter for bargaining. Our Court held that the Union strike and picketing were illegal and that the Union and the Trusts should be required to repay to the Company all the money which the Company had paid to the

Trusts under protest for amounts claimed to be due to the Trusts for the coverage of the President and Vice-President of the Company. After this Court remanded the earlier case to the Board in 1979, the Board made an order which required the Union and the Trusts to repay to the Company the sum of $17,805, which was the amount of money paid by the Company to the Trusts under protest in 1975, and which was claimed by the Trusts to be contributions due to the Trusts on behalf of the President and Vice-President of the Company. In addition, the Board caused a complaint to be filed against the Union for an unfair labor practice; to wit, that the Union in 1978 went on strike and picketed the Company in an attempt to force the Company to abandon its appeal from the order of the Board, which in 1979 was reversed, as stated, by this Court. The complaint of the Board against the Union and the Trusts, filed in 1979, charged only the unfair labor practice of attempting by striking and picketing to force the Company to abandon its said appeal. Upon consideration of such complaint, the Board issued a cease and desist order ordering the Union and the Trusts to cease and desist refusing to bargain collectively with the Company, etc.

As stated, the Board now seeks enforcement of the order for the money award against the Union and the Trusts and enforcement of the cease and desist order against the Union and the Trusts.

The Union and the Trusts contend that the order for money award should not be enforced and that the cease and desist order should not be enforced.

The Company contends that the Board should have ordered a money award to it to be paid by the Union and the Trusts for repayment of monies paid by the Company to the Trusts in 1978 to effect an end to the strike and picketing by the Union.

It is this Court's opinion that the order requiring the payment of money award and the order to cease and desist unlawful striking and picketing, etc., should be enforced.

■ With respect to the question as to the enforcement of the award for monies in the amount paid by the Company to the Trusts in 1975, this Court has already ruled that the 1975 strike and picketing was not authorized and our Court's order of remand directed the Board to fashion an appropriate remedy for the violation. We hold the remedy fashioned by the Board is appropriate. The amount awarded is in fact the amount paid by the Company in 1975 for the contributions on behalf of the President and Vice-President of the Company to the Trusts paid under protest, so that the order requiring the repayment should be enforced.

■ Also, the order of the Board that the Union be required to cease and desist, etc., should likewise be enforced. The record clearly establishes that in 1978 the Union was guilty of an unfair labor practice.

■ With respect to the contention of the Company that the Board should have made a money award to it to be paid by the Union and the Trusts for the amount of money paid in 1978 by the Company to the Trusts for contributions on behalf of the President and Vice-President of the Company to the Trusts, such contention is without merit. The Board has discretion to determine what complaints shall be filed in an unfair labor practice proceeding. *Vaca v. Sipes*, 386 U.S. 171, 182, 87 S.Ct. 903, 912, 17 L.Ed.2d 842 (1967); *Pacific Southwest Airlines v. NLRB*, 611 F.2d 1309, 1311 (9th Cir. 1980); *Bays v. Miller*, 524 F.2d 631, 634 (9th Cir. 1975). This Court does not have any authority to tell the Board what complaint it should hear. Although we ordered enforcement of the award for the 1975 payments by the Company to the Trusts, we are powerless to make any order concerning payments by the Company in 1978, similar though they may be to the payments in 1975, where the Board did not have before it a complaint charging an unfair labor practice in the collection of the 1978 contributions paid under protest by the Company. The complaint here did not refer in any manner to the question of illegal collection of funds by the Trusts in 1978. Thus an NLRB decision cannot consider anything except the charges in the complaint filed by General Counsel for the Labor Board. *See, General Teamsters Local 162 v. NLRB*, 568 F.2d 665, 669 (9th Cir. 1978); *Frito Co. v. NLRB*, 330 F.2d 458, 463–65 (9th Cir. 1974); *International Union of Electrical, Radio & Machine Workers v. NLRB*, 289 F.2d 757, 762 (D.C.Cir.1960).

It may be that plaintiff may have a cause of action under the Labor Act for unlawful collection of money by the Trusts, but that question is not before us.

The Orders of the Board dated November 29, 1979, and April 22, 1980, are ordered enforced; the Petitions for Review of the Company and the Union and Trusts, respectively, are denied.