[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-10436

Non-Argument Calendar

_____

THOMAS GABRIEL DEAN,

                        Petitioner,

*versus*

NATIONAL LABOR RELATIONS BOARD,

                        Respondent.

_____

Petition for Review of a Decision of the
National Labor Relations Board
Agency No. 10-CA-326003 / 10-CB-325995

_____

Before WILSON, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Thomas Dean, *pro se*, petitions for review of a decision of the General Counsel for the National Labor Relations Board ("NLRB" and "Board"). That decision denied an appeal from the NLRB Regional Director's dismissal, for lack of jurisdiction, of two unfair labor practice charges Dean filed. The NLRB moves to dismiss the appeal for lack of jurisdiction because the General Counsel's decision is not subject to judicial review. Upon review of the record, the motion to dismiss the appeal, and the parties' responses, we conclude that we lack jurisdiction over the appeal.

The General Counsel's decision to not issue a complaint is unreviewable because "[t]he investigation of unfair labor practice charges and whether an unfair labor practice complaint should be issued are matters committed by Congress, in 29 U.S.C. § 153(d), to the unreviewable discretion of the NLRB General Counsel and the Regional Director and other staff personnel who assist him." *Bova v. Pipefitters & Plumbers Local* 60, 554 F.2d 226, 228 (5th Cir. 1977). And although the National Labor Relations Act ("NLRA") allows for judicial review for persons aggrieved by a final order of the Board, binding precedent dictates that this provision of the NLRA does not apply to prosecutorial decisions of the General Counsel, such as the decision not to issue an unfair labor practice complaint. *See id.*; 29 U.S.C. § 160(f); *NLRB. v. United Food & Com. Workers Union, Loc. 23* (UFCW), 484 U.S. 112, 130 (1987) ("As the decision in this

case was 'prosecutorial,' it cannot be judicially reviewed under the NLRA."). Thus, the challenged decision of the General Counsel is unreviewable, and we lack jurisdiction over the petition for review. *See Lauf v. E.G. Shinner & Co.*, 303 U.S. 323, 330 (1938) ("There can be no question of the power of Congress [] to define and limit the jurisdiction of the inferior courts of the United States.").

Accordingly, the NLRB's motion to dismiss is GRANTED and this appeal is DISMISSED for lack of jurisdiction. All other pending motions are DENIED as MOOT.