**NATIONAL MARITIME UNION OF AMERICA, AFL–CIO, Petitioner,**

**v.**

**NATIONAL LABOR RELATIONS BOARD, Respondent,**

Gaston Firmin-Guyon, Intervenor.

Nos. 424–5, Dockets 33832, 33974.

United States Court of Appeals, Second Circuit.

Argued Feb. 24, 1970.

Decided March 20, 1970.

Charles Sovel, New York City (Abraham E. Freedman, New York City, on the brief), for petitioner.

John E. Jay, New York City (Parker, Chapin & Flattau and Walter N. Kaufman, New York City, on the brief), for intervenor.

John D. Burgoyne, National Labor Relations Board (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and William J. Avrutis, National Labor Relations Board, on the brief), for respondent.

Before LUMBARD, Chief Judge, ANDERSON, Circuit Judge, and CROAKE,* District Judge.

PER CURIAM.

The National Maritime Union of America, AFL-CIO, petitions for review of an order of the NLRB, and the Board cross-petitions for enforcement. The Board found that the Union had violated §§ 8(b) (1) (A) and 8(b) (2) of the National Labor Relations Act, 29 U.S.C. §§ 158(b) (1) (A) and 158(b) (2), by denying Gaston Firmin-Guyon registration for employment because of certain intra-union activities on his part in opposition to the incumbent administration of the Union. The Board ordered the Union to cease and desist from refusing to permit Guyon or any other licensed seaman to register for employment because of intra-union activities, and from restraining in any other manner the exercise of employees' § 7 rights. It ordered the Union promptly to register Guyon for employment upon request; to make Guyon whole for any loss of earn-ings attributable to the Union's illegal discrimination, and to give certain appropriate implementing notices.

■ The only error alleged by the Union on review concerns some evidentiary rulings made by the Trial Examiner and the substantiality of the evidence as support for certain findings of fact. We have examined the entire record in this case and find no error; the evidence in support of the Board's decision and order is overwhelming. The petition for review is, therefore, denied and enforcement of the Board's order is granted for the reasons stated in the opinion below. 177 N.L.R.B. No. 81 (1969).

The petition of the intervenor, Firmin-Guyon, is based upon his claim that the damage which he suffered did not stem alone from the Union's refusal to register him on March 11, 1968, but from its first denial of his application for registration on September 29, 1967, and that the complaint should be amended to include the wrongdoing on and after that date. There was abundant evidence to show the Union's unlawful interference with Firmin-Guyon's rights and the refusal to register him from and after September 29, 1967. The evidence was objected to by the General Counsel, however, and the Hearing Examiner admitted it only for the limited purpose of showing historical background for the March, 1968 refusal.

■■ It is apparent that the General Counsel cannot be compelled either by the Board or this court to bring an action or amend his complaint because under § 3(d) of the Act he "has unreviewable discretion to refuse to institute an unfair labor practice complaint," Vaca v. Sipes, 386 U.S. 171, 182, 87 S.Ct. 903, 913, 17 L.Ed.2d 842 (1967), nor can the equity power of a court compel the General Counsel to amend his complaint, no matter how heinous the wrong sought to be remedied. United Electrical Contractors Association v. Ordman, 366 F.2d 776 (2 Cir. 1966). The refusal of the

* Of the Southern District of New York, sitting by designation.

General Counsel to include the September, 1967, rejection of Firmin-Guyon's application for registration was because the intervenor there sought a supervisory position whereas in the March, 1968, application he sought any kind of position. The intervenor bases his claim on Frito Co., Western Division v. NLRB, 330 F.2d 458 (9 Cir. 1964), which made an exception to the rule that the General Counsel's power over the contents of the complaint is absolute. In *Frito* the court held that where evidence of other unfair labor practices is admitted at the hearing without any objection by the General Counsel the complaint is deemed, to that extent, to have been amended. In the present case, as noted, the General Counsel did object.

Firmin-Guyon must seek a remedy for the wrongs suffered through a separate action not involving the General Counsel. The petition for review by the intervenor is, therefore, denied.