220

OFFICE AND PROFESSIONAL EM-
PLOYEES INTERNATIONAL UNION,
LOCAL 153, AFL–CIO, Plaintiff,

v.

Edward B. MILLER et al., Defendants.

No. 72 Civ. 4314.

United States District Court,
S. D. New York.

April 19, 1973.

Doran, Colleran, O'Hara, Pollio & Dunne, P. C., New York City, for plaintiff; Thomas J. Lilly, New York City, of counsel.

Glen M. Bendixsen, Chief of Special Litigation, N. L. R. B., Washington, D. C., Finley, Kumble, Underberg, Persky, Roth & Grutman, Leon Finley, Gen. Counsel, New York City, for defendants.

Levin, Rosmarin & Schwartz, Noel Arnold Levin, Sp. Counsel, New York City, for intervenor.

LASKER, District Judge.

Local 153 of the Office and Professional Employees International Union, AFL–CIO ("the Union"), asks us to review a decision of the National Labor Relations Board ("the Board") dismissing the Union's petition for certification pursuant to section 9(c) of the National Labor Relations Act, 29 U.S.C. § 159(c). The Board's refusal to act was grounded on a determination by it that assertion of jurisdiction would be inappropriate, because the employer, AGIP, USA, Inc., is 97% owned by and acts as a purchas-

ing agent for an instrumentality of the Italian government.

The Union also seeks review of the Board's General Counsel's refusal to entertain its appeal from the Regional Director's failure to issue a complaint based on an unfair labor practice charge brought by it against the employer. The General Counsel's decision was specifically based on the Board's declination of jurisdiction.

The employer's motion to intervene having been granted, it moves to dismiss or, in the alternative, for summary judgment dismissing the complaint for lack of subject matter jurisdiction. The Board also seeks dismissal or summary judgment on the same ground. The Union has cross-moved for summary judgment.

■ The applicable legal principles are extensively treated in National Maritime Union v. N. L. R. B., 267 F.Supp. 117 (S.D.N.Y.1967), in which Judge Weinfeld held that the district court does not have jurisdiction to review representation orders of the Board, except in certain extraordinary circumstances which did not exist in the case before him. We see no relevant difference between that case and the one before us and we hold that this court is without jurisdiction in the circumstances here presented.

Plaintiff's reliance on Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L. Ed.2d 210 (1958), is as misplaced here as it was in *N.M.U.* As Judge Weinfeld noted, the *Kyne* exception to the general rule that district courts do not have jurisdiction over cases such as this does not extend to instances in which the Board refuses to certify, in. spite of the positive language · of section 9(c)(1) (29 U.S.C. § 159(c)(1)), because the command of that section lacks the clarity and specificity of the express statutory *prohibition* involved in *Kyne.* 267 F.Supp. at 121, n. 23.

■ Furthermore, the Union's claim, in reliance on Fay v. Douds, 172 F.2d 720 (2d Cir. 1949), that this court has jurisdiction because the Board's decision deprived it of its right to equal protection is without merit. We recognize that the Board is subject to the strictures of the equal protection clause because "[t]he Fifth Amendment's Due Process Clause has been held to legally encompass the Equal Protection Clause of the Fourteenth Amendment, thereby placing the same constitutional limitations on federal action as restrict state action." N.L.R.B. v. Mansion House Center Management Corp., 473 F.2d 471 at 472 (8th Cir., 1973). However, if the mere fact that denial of certification results in different classes of workers receiving different treatment at the hands of the Board is enough to give rise to an equal protection claim conferring jurisdiction on the district court, then every refusal to certify would provide a basis of jurisdiction. That is clearly not the law. Local 1545, United Brotherhood of Carpenters v. Vincent, 286 F.2d 127 (2d Cir. 1960); Fitzgerald v. Douds, 167 F. 2d 714 (2d Cir. 1948); National Maritime Union v. N.L.R.B., *supra.* This is not to say that if the Board's refusal to certify were arbitrary or capricious we would be without power to review its decision under the *Douds* rule. However, although, like Member Fanning, we might have adopted a different approach than that taken by the Board's majority, its action cannot be characterized as arbitrary or capricious, and invocation of the equal protection clause here does not provide a jurisdictional basis.

Lastly, although we realize that this result leaves the Union without recourse against the Board's decision, it does not require an opposite conclusion, since Congress clearly intended this very finality. Local 1545, *supra,* 286 F.2d at 133; N.M.U., *supra,* 267 F. Supp. at 124.

■ The complaint further requests the court to order the Board's General Counsel to assert jurisdiction over the employer and to consider the merits of its unfair labor practice charge. In view of our decision that we cannot re-

view the Board's determination that assertion of jurisdiction would be improper, it follows that we cannot order the Board through its General Counsel to take jurisdiction of the Union's unfair labor practice charge. In any event, "[i]t is apparent that the General Counsel cannot be compelled . . . to bring an action . . . because under § 3(d) of the Act he 'has unreviewable discretion to refuse to institute an unfair labor practice complaint,' Vaca v. Sipes, 386 U.S. 171, 182, 87 S.Ct. 903, 17 L.Ed.2d 842 . . . (1967)." National Maritime Union v. N L.R.B., 423 F.2d 625, 626 (2d Cir. 1970).

Accordingly, plaintiff is not entitled to judgment as a matter of law and its motion for summary judgment is denied. Defendant and intervenor-defendant's motions are granted. The complaint is dismissed for lack of jurisdiction.

It is so ordered.