Richard BECKER, Plaintiff,

v.

NATIONAL LABOR RELATIONS BOARD, Del Laboratories, Inc., and International Brotherhood of Teamsters, Local 815, Defendants.

No. CV 82–2753.

United States District Court,
E.D. New York.

Sept. 28, 1987.

Richard Becker, pro se.

Aileen A. Armstrong, Asst. Gen. Counsel for Sp. Litigation, N.L.R.B., Washington, D.C., Rochelle Kentov, Regional Atty., N.L.R.B., Brooklyn, N.Y., for N.L.R.B.

Robert M. Ziskin, Commack, N.Y., for Del Laboratories.

Bloch, Graff, Danzig, Jelline & Mandel, New York City (Henry I. Hamburger, of counsel), for Local 815.

## MEMORANDUM OF DECISION AND ORDER

MISHLER, District Judge.

Plaintiff Richard Becker brings this action against Del Laboratories, Inc. ("Del Labs"), his former employer; Local 815, International Brotherhood of Teamsters ("Local 815"), representative of the collective bargaining unit of which Becker was a member while employed at Del Labs, and the National Labor Relations Board (the "NLRB"). This action is yet another in the long series of frivolous suits filed by Becker in this court. It is impossible to determine from the complaint what the precise legal basis of Becker's claim is, but he seeks reinstatement to his former job with defendant Del Labs, and money damages in the amount of $22,000,000 for lost wages, bonuses, vacation pay and other benefits, plus punitive damages. All three defend-

ants move to dismiss the complaint under Fed.R.Civ.P. 12(b).

## FACTS

Becker was hired by Del Labs as a case goods picker in its Plainview, Long Island shipping department on or about April 27, 1977. He voluntarily resigned from the company on July 6, 1977. In his complaint, Becker alleges that his resignation was the result of health problems brought on by verbal harassment and burdensome work assignments. He claims that the harassment was initiated by Del management as a result of his complaints to the NLRB about the company's practice of deducting union dues and initiation fees from employees' pay checks at the commencement of their employment rather than after 30 days as was required by the union contract.

On or about October 25, 1977, Becker filed an unfair labor practice charge (Case No. 19–CA–6005) with the NLRB, alleging that Del Labs' harassment had forced him to resign his position. On or about November 16, 1977, Becker filed another unfair labor practice charge (Case No. 29–CB–3092) with the NLRB, alleging essentially that Local 815 breached its duty of fair representation by failing to protect him from the harassment and by participating with the company in the dues check-off procedure which violated the contract.

On December 29, 1977, the NLRB informed Becker that its investigation failed to establish that he had been forced to resign due to harassment by Del Labs' representatives, but indicated that the portion of his charge dealing with the allegedly irregular dues check-off procedure was being investigated further. Becker availed himself of his right to appeal that part of the Board's response refusing to issue a complaint with respect to the alleged harassment by Del Labs representatives.

On or about December 30, 1977 the Board issued a complaint against Del Labs alleging that since on or about April 27, 1977 the company had required its newly hired employees to sign membership check-off cards authorizing the deduction of dues, initiation fees and other monies to be paid to Local 815 from their pay checks prior to the expiration of such employees' first 30 days of employment. The complaint also claimed that the company deducted such sums from the wages of its employees prior to the expiration of their first 30 days of employment in violation of § 8(a)(1), (2), and (3) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), (2), and (3).

The Board approved a settlement agreement between Del Labs and Local 815 in which Del Labs agreed not to engage in the above behavior and to post notices to this effect at its production facility and warehouse.

In a letter dated March 8, 1978, the Office of the General Counsel of the NLRB denied Becker's appeal of the Regional Director's refusal to issue a complaint against Del Labs with respect to his claims of harassment. Sometime earlier, the Board had also refused to issue a complaint in response to Becker's charge against the union.

Becker again appealed the Board's refusal to issue a complaint against Del Labs with respect to the alleged harassment against the union for breach of its duty of fair representation. This appeal was again denied by the Office of the General Counsel.

Between June 6, 1978 and May 29, 1980, the Office of the General Counsel repeatedly denied Becker's requests for appeal and reconsideration of the Board's refusals to issue a complaint. In at least two of these letters, the Office of the General Counsel specifically informed Becker that the United States Supreme Court in *Vaca v. Sipes,* 386 U.S. 171, 182, 87 S.Ct. 903, 912, 17 L.Ed.2d 842 (1967) held that the General Counsel's authority to issue or not issue a complaint is unreviewable by a court of law.

On or about February 16, 1982, Becker again filed an unfair labor practice charge (Case No. 29 CA–9488) against Del Labs with the NLRB. This charge alleged that Del Labs refused to hire him as a compounder at its main factory in December

1981 in retaliation for previous unfair labor practices he had filed with the Board against the company. By letter dated March 18, 1982, the Board refused to issue a complaint. This refusal apparently was the subject of several appeals and requests for reconsideration by Becker. This is suggested by the fact that in a letter dated August 25, 1982, the General Counsel advised Becker that it had reviewed this case on several occasions and found no basis for issuing a complaint. Again, the General Counsel's Office specifically pointed out to Becker that there was no provision under the law for further review of the General Counsel's refusal to issue a complaint.

Becker filed a third unfair labor practice charge against Del Labs on August 3, 1984 (Case No. 29 CA–11351) again alleging that the company refused to consider his application for employment because he had previously filed charges against the company. Again the Regional Director refused to issue a complaint. Becker again appealed the Regional Director's refusal to issue a complaint and again brought up his previously denied charges. The General Counsel once again refused to issue a complaint.

Becker's complaint in this action seems to allege:

1. that the practice of Del Labs with respect to dues check-off violates the terms of the collective bargaining agreement ("CBA") which is a violation of § 301 of the Labor Management Relations Act ("LMRA");

2. that Del Labs harassed him into resigning because of his complaints about its violation of the CBA under § 8(a)(1) of the NLRA;

3. that the NLRB somehow violated his constitutional right of due process and equal protection by failing to take action against the company and the union; and

4. that the union participated with the company in the illegal dues check-off procedure for its own benefit to the detriment of its members and refused to help Becker when he was harassed, thereby breaching its duty of fair representation.

## DISCUSSION

### A. Motions to Dismiss

■ The court agrees with the observation of the NLRB that, in reality, plaintiff is seeking review of the General Counsel's refusal to issue a complaint on the various charges filed by Becker with the Board. Construing the complaint in this way, it must be dismissed with prejudice, as this court lacks jurisdiction to review the General Counsel's refusal to issue a complaint.

The NLRB does not initiate any proceedings itself, but proceeds only when unfair labor practice charges have been filed with it. Once such charges are filed, the Regional Director for the region in which the charges were filed will investigate these charges to determine whether a complaint should issue, and a determination not to issue a complaint is then appealable to the General Counsel.

Section 3(d) of the Act, 29 U.S.C. § 153(d), provides, in pertinent part, that "the General Counsel of the Board ... shall have *final* authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints under Section 10 [29 U.S.C. § 160] ..." (emphasis supplied). In a long and unbroken series of decisions by the Supreme Court and the Courts of Appeal, this provision, and the general scheme of the Act, have been interpreted to preclude judicial review of the General Counsel's processing of charges and refusal to issue complaints. *See, e.g., Vaca v. Sipes,* 386 U.S. 171, 182, 87 S.Ct. 903, 912, 17 L.Ed.2d 842 (1967); *United Electrical Contractors Ass'n v. Ordman,* 366 F.2d 776, 776 (2d Cir.1966), *cert. denied,* 385 U.S. 1026, 87 S.Ct. 753, 17 L.Ed. 2d 674 (1967); *Dunn v. Retail Clerks Internat'l Assoc.,* 307 F.2d 285, 288 (6th Cir. 1962); *National Maritime Union v. NLRB,* 423 F.2d 625, 626 (2d Cir.1970); *International Brotherhood of Teamsters v. NLRB,* 339 F.2d 795, 799 (2d Cir.1964); *Bova v. Pipefitters & Plumbers Local 60, AFL–CIO,* 554 F.2d 226, 228 (5th Cir.1977).

In *Peltzman v. Central Gulf Lines, Inc.,* 497 F.2d 332, 334 (2d Cir.1974), the court concluded that "any claim that the company has committed an unfair labor practice

in discharging [an employee] would plainly be subject to the exclusive jurisdiction of the NLRB."

The charges against the NLRB and Del Labs are, accordingly, dismissed.

■ Becker's claim against the union is not, however, within the exclusive jurisdiction of the NLRB. The claim is, nevertheless, dismissed as time barred.

In *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Court held that the six month statute of limitations provided by § 10(b) of the National Labor Relations Act [1] should govern claims against both employees and unions based on the employer's alleged breach of a collective bargaining agreement and the union's alleged breach of its duty of fair representation. Although the *Del Costello* ruling was made in 1983 (six years after Becker's claim arose), it should be noted that the "general rule of long standing is that judicial precedents normally have retroactive as well as prospective effect." *National Assoc. of Broadcasters v. FCC*, 554 F.2d 1118, 1130 (D.C.Cir.1976) *quoted in Kremer v. Chemical Construction Corp.*, 623 F.2d 786, 788 (2d Cir.1980), *aff'd*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). The Second Circuit has applied the *Del Costello* six month statute of limitations rule retroactively. *See Welyczko v. U.S. Air, Inc.*, 733 F.2d 239, 240 (2d Cir.), *cert. denied*, 469 U.S. 1036, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984), citing *Assad v. Mt. Sinai Hospital*, 703 F.2d 36 (2d Cir.1983). All but one of the circuits considering the retroactivity of *Del Costello* have reached the same result. *Id.*

Becker terminated his employment and began filing charges against Del Labs and the Union in 1977. It is clear that any cause of action he may have had against them accrued at that time or soon thereafter, and was, thus, time barred when he filed his complaint with this court in 1982.

For the reasons stated above, we dismiss the claims against Del Labs, the NLRB and Local 815, with prejudice.

**B.  *Motion of NLRB for Expenses Pursuant to Rule 11***

■ Fed.R.Civ.P. 11 allows for the imposition of sanctions against persons who sign "frivolous" pleadings, motions or other papers. "Rule 11 ... imposes an affirmative duty ... to conduct a reasonable inquiry into the viability of a pleading before it is signed." *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 253 (2d Cir.1985). The Second Circuit has held that "sanctions *shall* be imposed when ... after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law," but signs it nevertheless. *Id.* at 254. Pro se papers are held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). However, even under a less stringent standard, Becker's claim is frivolous.

Between June 6, 1978 and May 28, 1980, the Office of the NLRB sent Becker at least ten letters advising him that review of his appeal and his appeals for reconsideration had been considered and such appeals were denied. In almost each of said letters, the Office of Appeals concluded that the investigation had failed to establish that plaintiff Becker had been discharged or constructively discharged from his employment with the company because of his engagement in protected concerted activities. In its letter of December 7, 1978 and May 11, 1979, the Office of the General Counsel clearly pointed out that the Supreme Court in *Vaca v. Sipes*, 386 U.S. at 182, 87 S.Ct. at 912, specifically held that the General Counsel's authority to issue a complaint is unreviewable by a court of law. Yet, Becker proceeded with this suit.

---

**1.** Section 10(b) of the NLRA provides in pertinent part: "[N]o complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board...." 29 U.S.C. § 160(b).

410

Because Becker is proceeding pro se, the NLRB seeks only expenses, not attorney's fees. In this action, Becker is proceeding not only pro se, but *in forma pauperis* as well, and from past experience the court knows that the defendant is unlikely to collect any fees assessed against Becker. However, in keeping with the deterrent policy of Rule 11, *see* Advisory Committee Notes to Rule 11, we assess a nominal sanction of $100 against plaintiff Becker.

Motions by defendants Del Labs, the NLRB, and Local 815 to dismiss this claim under Fed.R.Civ.P. 12(b) are granted. The NLRB's motion for expenses under Fed.R. Civ.P. 11 is granted to the extent stated above. The remaining outstanding motions in the case are now moot, in light of dismissal.

SO ORDERED.

The Clerk is directed to enter judgment in favor of defendants and against plaintiff dismissing the complaint.