STROMBERG–CARLSON COMMUNICATIONS, INC., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent,

Communications Workers of America, AFL–CIO, Intervenor.

No. 77–2205.

United States Court of Appeals, Ninth Circuit.

May 25, 1978.

Rehearing Denied Aug. 22, 1978.

Stephen W. Pogson (argued), of Evans, Kitchel & Jenckes, Stanley Lubin (argued), of McKendree & Lubin, Phoenix, Ariz., for petitioner.

Margery Lieber (argued), Washington, D. C., Stanley Lubin, of McKendree & Lubin, Phoenix, Ariz., for respondent.

Before MERRILL and KENNEDY, Circuit Judges, and BARTELS,* District Judge.

MERRILL, Circuit Judge:

Petitioner, Stromberg-Carlson, seeks review of a decision and order of the National Labor Relations Board quashing notice of hearing under § 10(k) of the NLRA, 29 U.S.C. § 160(k). *See infra* note 4.

The dispute is one between petitioner and Local 640, International Brotherhood of Electrical Workers (IBEW). Petitioner is engaged in the business of installing and maintaining interconnect telephone systems in various locations throughout the United States, including Phoenix, Arizona. Its telephone installation employees are represented under Board certification by the Communications Workers of America (CWA).

In 1975 an earlier dispute between the parties erupted. Petitioner was then engaged in installing a telephone connect system in a hospital in Scottsdale, Arizona. IBEW picketed the job with signs and handbills advising that petitioner paid less than the prevailing wage to certain of its employees. Petitioner filed unfair labor practice charges against IBEW under § 8(b)(4)(B) of the Act, 29 U.S.C. § 158(b)(4)(B),[1] asserting that it was paying prevailing wages and that the picketing was pretextual, being aimed at securing installation jobs for contractors whose employees were members of IBEW. The Board found probable cause to believe the charge to be true and obtained an injunc-

---

* Honorable John R. Bartels, Senior United States District Judge for the Eastern District of New York, sitting by designation.

1. Section 8(b)(4)(B) makes it an unfair labor practice to take certain actions with the object of forcing a person to cease dealing with another, or forcing an employer to recognize or bargain with a labor organization which has not been certified as the representative of the employees.

tion under § 10(*l*), 29 U.S.C. § 160(*l*),[2] halting the picketing and a settlement agreement was ultimately reached.

The present dispute arose a year later. Petitioner was engaged in installing equipment in a facility under construction for United Parcels Service in Phoenix. Again IBEW picketed the jobsite with signs asserting that petitioner was paying substandard wages. Again petitioner filed an unfair labor practice charge. This time, however, petitioner charged a violation of § 8(b)(4)(D) of the Act, 29 U.S.C. § 158(b)(4)(D),[3] and sought remedy under § 10(k) of the Act, 29 U.S.C. § 160(k).[4]

The Board issued notice of hearing. IBEW moved to quash the notice of hearing and to dismiss the charge on the ground that no dispute existed concerning the assignment of work within the meaning of § 8(b)(4)(D). It disclaimed any desire for the work performed on the United Parcels job by the CWA workers, or any assignment of that work. The Board found that IBEW had effectively disclaimed the work in question and that there was no reasonable cause to believe § 8(b)(4)(D) of the Act had been violated. It entered its order quashing the notice of hearing and this petition for review was filed challenging that order.

The Board first asserts that we are without appellate jurisdiction for the reason that the order to quash is not a final order subject to review by this court.[5] It points out that where notice of hearing is quashed, no complaint is issued, the case never reaches the adjudicatory stage and there is no final order of adjudication. Accordingly, the Board has moved to dismiss the petition for review.

This court has held, contrary to the Board's contention, that an order quashing or denying notice of hearing is a final order. *Waterway Terminals Co. v. NLRB,* 467 F.2d 1011 (9th Cir. 1972). The Board asks us to reexamine that decision but we decline to do so. The motion to dismiss is denied.

On the merits of the petition for review, we affirm the order of the Board. The section under which the charge was filed relates only to action taken with the object of forcing an employer to assign particular work to employees in a particular labor organization or a particular craft rather than to employees in a different organization or craft. *See, e. g., NLRB v. Plasterers' Local Union No. 79,* 404 U.S. 116, 92 S.Ct. 360, 30 L.Ed.2d 312 (1971). Petitioner does not contend that IBEW wanted the work on the United Parcels job. Rather it asserts that the union wanted work on future jobs and was picketing United Parcels to set an example. It may be, as petitioner claims, that the picketing was an investment in the future at the expense of United Parcels. That cannot suffice, however. The Board contends that the "particular work," with the assignment of which § 8(b)(4)(D) is concerned, is the work that is the target of the union action. We agree. If petitioner has a valid unfair labor practice grievance, it is not under this section.

Affirmed.

2. Section 10(*l*) provides for Board action when there is a charge of violation of § 8(b)(4)(B). If the Board finds reasonable cause to believe the charge to be true, it may petition the proper federal district court for "appropriate injunctive relief."

3. Section 8(b)(4)(D) makes it an unfair labor practice to take certain actions with the object of "forcing or requiring any employer to assign particular work to employees in a particular labor organization or in a particular trade, craft, or class rather than to employees in another labor organization or in another trade, craft, or class, unless such employer is failing to conform to an order or certification of the Board determining the bargaining representative for employees performing such work."

4. Section 10(k) authorizes the Board to hear and determine disputes arising out of charges under § 8(b)(4)(D).

5. Section 10(f) of the Act, 29 U.S.C. § 160(f), provides for judicial review on behalf of "any person aggrieved by a final order of the Board * * *."

On Petition for Rehearing

**PER CURIAM:**

On petition for rehearing Stromberg-Carlson asserts that in our earlier opinion we have misconceived the position it takes in these proceedings; that while it stressed its belief that the setting of an example was the purpose of the union's picketing, it also contended that a purpose was to compel United Parcels to change contractors to one employing union members and to secure reassignment of the work in question in that fashion. The Board concedes that had that in truth been the union's purpose, the picketing would have constituted a violation of § 8(b)(4)(D) and the disclaimer of the union would have been sham and in bad faith.

■ Stromberg-Carlson's contentions in this respect were made before the Board. Although the Board proceeded by order quashing notice of hearing, the order in fact followed a hearing at which a record was made. As to the purpose of picketing, the Board chose to accept the union's avowal rather than the contentions of Stromberg-Carlson and concluded that the union had effectively disclaimed the work in question. The Board stated:

> "There is no evidence in the record that contradicts Respondent's claim that it had picketed the Employer for a week in September 1976 solely for the purpose of enforcing the Employer to pay the Employer's workers area standard wages. At no time has Respondent made any demand or request for any work assignment on behalf of its members. We will not infer such a proscribed object without more evidence."

We shall not disturb that ruling.

Rehearing denied.