695 F.2d 424
 112 L.R.R.M. (BNA) 2417, 96 Lab.Cas. P 13,959
 FOLEY-WISMER & BECKER and Shurtleff & Andrews Construction,
Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 80-7272.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 17, 1981.
Decided Dec. 28, 1982.
 
 Wesley M. Wilson, Yakima, Wash., for petitioners.
 Ruah Donnelly Lahey, Washington, D.C., for respondent; Margery E. Lieber, N.L.R.B., Washington, D.C., on brief.
 Petition for Review from the National Labor Relations Board.
 Before SKOPIL and POOLE, Circuit Judges, and KENYON,* District Judge.
 SKOPIL, Circuit Judge:
 
 
 1
 Petitioners, Foley-Wismer & Becker and Shurtleff & Andrews, seek review of a decision and order of the National Labor Relations Board quashing notice of hearing under section 10(k) of the NLRA ("the Act"), 29 U.S.C. Sec. 160(k). We deny the petition for review.
 
 I.
 
 2
 Shurtleff & Andrews Constructors ("Shurtleff") and Foley-Wismer & Becker ("Foley-Wismer") (together, "the Companies") each employed members of the Teamsters, Operating Engineers, and other unions. The Companies both utilize large cranes to pull 40-foot flatbed trailers which are loaded with construction material from the storage yard to the construction site. Both Companies had previously awarded the operation of the cranes to a member of Operating Engineers, and the craft employees whose materials were being transported customarily assisted the crane operator by signaling the operator, tying down loads and hooking and unhooking the trailer.
 
 
 3
 On July 31, 1979 the Teamsters and the Operating Engineers executed a jurisdictional agreement providing that the work of pulling flatbed trailers would be manned by a composite crew consisting of an Operating Engineer and a Teamster, with the Operating Engineer operating the crane and the Teamster assisting by rigging or signaling the driver, directing the loading to ensure a balanced load, tying down the load, hooking and unhooking the trailer and dolly, landing the crane in proper position for the loading, and performing certain light maintenance tasks. The Unions notified the Companies of their jurisdictional agreement and requested that the Companies reassign crane operation to a composite crew. The Companies refused. The Teamsters struck and picketed Shurtleff for ten days, and after Shurtleff filed unfair labor practice charges gave assurances that it would not engage in further strikes. The Teamsters threatened Foley-Wismer with strike action, but later gave assurances against such strikes.
 
 
 4
 The Companies separately filed charges with the National Labor Relations Board ("the Board") alleging that the Teamsters had violated section 8(b)(4)(D) of the Act by picketing, striking, and threatening to picket and strike the Companies to force them to reassign crane operation work to a composite crew. The Companies also charged that the Teamsters' demand for the employment of composite crews constituted an unlawful attempt at featherbedding in violation of section 8(b)(6). The Board's Regional Office found insufficient evidence to support the allegations of a violation of section 8(b)(6) and dismissed the charges. The Board's regional director issued an order consolidating the cases filed by each Company and scheduled a hearing pursuant to section 10(k).
 
 
 5
 After the hearing, the Board found that the Companies had failed to establish the existence of a jurisdictional dispute between the unions since the two unions had not made rival claims to the same work. The Board, with one member dissenting, concluded there was no reasonable cause to believe that section 8(b)(4)(D) had been violated, and issued an order quashing the notice of hearing in the section 10(k) proceeding. 249 NLRB No. 10. This petition for review was filed challenging the Board decision and order.
 
 
 6
 The Board petitioned this court for an original en banc hearing, asserting that this court lacks appellate jurisdiction because the order to quash is not a final order subject to review by this court[1] and that prior Ninth Circuit precedent to the contrary should be overruled. See Stromberg-Carlson Communications, Inc. v. NLRB, 580 F.2d 939 (9th Cir.1978); Waterway Terminals Co. v. NLRB, 467 F.2d 1011 (9th Cir.1972). No judge requested a vote on the original en banc hearing suggestion, and thus the suggestion was deemed denied. General Order 5.2(a).
 
 
 7
 After argument, the panel requested en banc review to determine whether the Board's order quashing notice of hearing of the section 10(k) proceeding was reviewable and whether Waterway Terminals should be overruled. This court en banc determined that such a quashing order was reviewable. Foley-Wismer & Becker v. NLRB, 682 F.2d 770 (9th Cir.1982) (en banc). The case was accordingly returned to this three-judge panel for a decision of the merits.
 
 II.
 
 8
 The issue presented for review is whether there was substantial evidence to support the Board's finding that no jurisdictional dispute existed within the meaning of section 10(k) of the Act.[2]
 
 III.
 
 9
 The Board's findings of facts must be upheld if supported by substantial evidence, 29 U.S.C. Sec. 160(e); NLRB v. ILWU, 378 F.2d 33, 35 (9th Cir.), cert. denied, 389 U.S. 1004, 88 S.Ct. 562, 19 L.Ed.2d 599 (1967), and the Board's legal conclusions as to the jurisdictional dispute must be upheld unless arbitrary and capricious. NLRB v. International Ass'n of Ironworkers, Local 433, 549 F.2d 634, 640 (9th Cir.), cert. denied, 434 U.S. 832, 98 S.Ct. 116, 54 L.Ed.2d 92 (1977); NLRB v. ILWU, Local 50, 504 F.2d 1209, 1214 (9th Cir.1974), cert. denied, 420 U.S. 973, 95 S.Ct. 1393, 43 L.Ed.2d 652 (1975); NLRB v. ILWU, 413 F.2d 30, 33 (9th Cir.1969).
 
 
 10
 Section 10(k) empowers the Board to hear and determine a jurisdictional dispute when it finds reasonable cause to believe that such a dispute exists. A jurisdictional dispute is defined as "a dispute between two or more groups of employees over which is entitled to do certain work." NLRB v. Radio & Television Broadcast Engineers Union, 364 U.S. 573, 579, 81 S.Ct. 330, 334, 5 L.Ed.2d 302 (1961). A jurisdictional dispute cannot by definition exist unless there are rival claims to the same work. NLRB v. Plasterers Union, 404 U.S. 116, 134, 92 S.Ct. 360, 371, 30 L.Ed.2d 312 (1971). Accordingly, in the absence of active and competing claims section 10(k) is not applicable. For example, under the Safeway rule announced by the Board in 1962 and followed since, if one of the unions claiming work effectively renounces its claim, section 10(k) proceedings are aborted, even where the employer maintains an interest in securing a Board decision on the merits of the dispute. NLRB v. Plasterers Union, supra, at 134, 92 S.Ct. at 371, approving Highway Truckdrivers Local 107 (Safeway Stores, Inc.), 134 NLRB 1320 (1961). Similarly, this court has held that section 10(k) does not apply when there is no conflicting claim to the same work by competing unions, but where one union pickets to get future work, even if the employer would have a valid unfair labor practice claim under some other section. Stromberg-Carlson Communications, Inc. v. NLRB, supra, at 941. The section 10(k) proceedings' "function evaporates when one of the unions renounces and refuses the work." Plasterers Union, supra, 404 U.S. at 135, 92 S.Ct. at 371.
 
 
 11
 In the present case, the Board found that the Teamsters and the Operating Engineers were not competing for the same work, and concluded that no jurisdictional dispute existed that was remediable under section 10(k).
 
 
 12
 The Companies principally contend that the Operating Engineers' disclaimer of the disputed work was ineffective in that it involved no giving up of work and because the Operating Engineers wages were not reduced by reason of the disclaimer. The cases cited in support of the contention that a genuine jurisdictional dispute still existed notwithstanding disclaimer all dealt with situations in which the disclaiming union had performed the disputed work in the past and would continue to perform it if required. IBEW Local 610 (Landow Outdoor Sign Co.), 225 NLRB 320 (1976); Local 1291, ILA (Pocahontas Steamship Co.), 152 NLRB 676 (1965), aff'd, 368 F.2d 107 (3d Cir.1966). Here, however, Operating Engineers has never performed and does not request the work claimed by the Teamsters.
 
 
 13
 There is substantial evidence to support the Board's finding that no jurisdictional dispute existed. The Teamsters explicitly stated that it had no interest in the work assigned to employees represented by Operating Engineers, i.e., the actual operation of the crane, and the Operating Engineers had claimed no work other than the operation of the crane which its employees had traditionally performed. The work that the Teamsters claimed for its members--the hookup work, guiding and signaling work, trailer maintenance functions, and loading, unloading, and load tie-down assistance functions--had never been performed by or sought by Operating Engineers employees. Instead, this work had traditionally been performed by members of the craft with jurisdiction over the particular material to be loaded onto the trailer at that particular time.
 
 
 14
 The Board noted that there was a possible jurisdictional dispute between the Teamsters and the craft employees that had traditionally performed the work of assisting the Operating Engineer. However, since the companies did not assert or present any evidence of a competing claim by the craft employees or that the craft employees are party to the present dispute, it would have been improper for the Board to speculate on whether such a dispute might exist.
 
 
 15
 In the absence of rival jurisdictional claims establishing a "dispute" cognizable under section 10(k), the Board was not arbitrary and capricious in quashing the notice of hearing in the section 10(k) proceeding. We accordingly deny the petition for review.
 
 
 16
 DENIED.
 
 
 17
 POOLE, Circuit Judge, concurring specially.
 
 
 18
 I concur in Judge Skopil's conclusion but only under the compulsion of this court's en banc determination that an order of the Board quashing notice of hearing under section 10(k) proceeding is reviewable. Foley-Wismer & Becker v. NLRB, 682 F.2d 770 (9th Cir.1982) (en banc).
 
 
 19
 I thought that decision en banc to be wrong and I still believe it to be wrong. To the extent it rests upon Waterway Terminals Co. v. NLRB, 467 F.2d 1011 (9th Cir.1972), it is on infirm ground, for the logic of that prior decision is no more compelling today than it was 10 years ago. It was certainly inconsistent, when decided, with NLRB v. Plasterers Union, 404 U.S. 116, 92 S.Ct. 360, 30 L.Ed.2d 312 (1971), and with our own still earlier holding in Henderson v. International Longshoremen's and Warehousemen's Union Local 50, 457 F.2d 572, 577 (9th Cir.1972). Today's adherence to an illogical precedent erodes the statutory-administrative scheme and promises to increase contest in an area which should be left to the Board's expert determination. I venture the speculation that this decision may not outlast time.
 
 
 
 *
 The Honorable David V. Kenyon, United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 Except as authorized by statute, a court of appeals does not have jurisdiction to review actions of the Board. American Federation of Labor v. NLRB, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347 (1940). An employer or union may only have review of a "final order of the Board." 29 U.S.C. Sec. 160(f)
 
 
 [2]
 The Company also asks for review of the General Counsel's dismissal of the Sec. 8(b)(6) charge. However, it is clearly established that the General Counsel has "final authority" on whether to issue a complaint on unfair labor practice charges, and that this decision is not reviewable in any judicial forum. NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 138-39, 95 S.Ct. 1504, 1510-11, 44 L.Ed.2d 29 (1975); Vaca v. Sipes, 386 U.S. 171, 182, 87 S.Ct. 903, 912, 17 L.Ed.2d 842 (1967); Bays v. Miller, 524 F.2d 631, 634 (9th Cir.1975); Henderson v. ILWU Local 50, 457 F.2d 572, 578 (9th Cir.), cert. denied, 409 U.S. 852, 93 S.Ct. 65, 34 L.Ed.2d 95 (1972). Therefore the General Counsel's dismissal of the section 8(b)(6) charges is not appealable. Counsel for the Companies conceded this at oral argument