**UNITED FOODS AND COMMERCIAL WORKERS UNION, LOCAL NO. 23, AFL–CIO–CLC, Petitioner,**

v.

**N.L.R.B., et al., Respondents.**

No. 85–3116.

United States Court of Appeals, Third Circuit.

Argued Jan. 9, 1986.

Decided April 16, 1986.

Rehearing and Rehearing En Banc, Denied June 13, 1986.

Certiorari Granted Jan. 12, 1987.

On Remand from the Supreme Court of the U.S. Dec. 14, 1987.

Submitted Jan. 19, 1988.

Decided March 1, 1988.

Before STAPLETON, GARTH, Circuit Judges and FULLAM, District Judge.*

## OPINION OF THE COURT

GARTH, Circuit Judge:

In *United Food and Commercial Workers Local No. 23 v. NLRB*, 788 F.2d 178, 179 (3d Cir.1986), we were required to answer the question of whether a charging party (Local 23), alleging unfair labor practices, is entitled to an evidentiary hearing on its objections to a proposed informal settlement agreement entered into by representatives of the National Labor Relations Board ("Board") and the charged parties, after the Board has issued a formal complaint. We answered that question in the affirmative, thereby granting the petition and remanding for an evidentiary hearing.

---

* Honorable John P. Fullam, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

1. The Supreme Court discussed our jurisdiction to entertain this action under both the National

Our decision was grounded on the authority of *Leeds & Northrup Co. v. NLRB*, 357 F.2d 527 (3d Cir.1966). In *Leeds,* we had held that "[O]nce a complaint has issued, the charging party is entitled to an evidentiary hearing upon its objections to the proposed settlement agreement, be it formal or informal." 357 F.2d at 533. All parties to *United Food* appeal agreed that our decision in *United Food* was governed and controlled by *Leeds.* See 788 F.2d 182 n. 6. As we stated in *United Food,* our Internal Operating Procedures prohibit a panel of this court from overruling a published opinion of another panel. 788 F.2d at 182 & n. 7. Hence, in *United Food,* we were obliged to, and did, follow *Leeds.* Rehearing *in banc* in *United Food* was denied on June 13, 1986.

The NLRB's petition for certiori was granted by the Supreme Court on January 12, 1987. *N.L.R.B. v. United Food and Commercial Workers Union,* ── U.S. ──, 107 S.Ct. 871, 93 L.Ed.2d 826 (1987). Thereafter, on December 14, 1987, the Supreme Court, distinguishing between the Board's functions and the General Counsel's functions, held that a federal court has no authority to review a decision of the National Labor Relations Board's General Counsel dismissing an unfair labor practice complaint pursuant to an informal settlement in which the charging party, (Local 23), refused to join.[1] ── U.S. ──, 108 S.Ct. 413, 98 L.Ed.2d 429 (1987). In so holding, the Supreme Court did not determine whether an evidentiary hearing was required because it concluded that we had no jurisdiction to entertain Local 23's petition. The Supreme Court reversed our judgment and remanded the cause to us with the direction that we enter an order of dismissal for want of subject matter jurisdiction. *Id.* at 426.

It is, therefore, ordered that the judgment of this court, entered on April 16, 1986, which judgment granted Local 23's

Labor Relations Act and the Administrative Procedure Act. As noted in text, the Court concluded that we did not have jurisdiction under either statute.

petition and which vacated the informal settlement agreements reached by the Board and the charged parties, and which remanded for an evidentiary hearing pursuant to *Leeds v. Northrop Co.*, is vacated. The petition for review, filed by United Foods and Commercial Workers Union, Local 23, is dismissed for want of subject matter jurisdiction.