**AUGUSTA BAKERY
CORPORATION, Petitioner,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

No. 88–1632.

United States Court of Appeals,
Seventh Circuit.

Submitted April 24, 1988.

Decided May 6, 1988.

A. Eric Arnold, Waukegan, Ill., Kathy A.W. Arnold, Zion, Ill., for petitioner.

Eric G. Moskowitz, N.L.R.B., Abby Propis Simms, Washington, D.C., for respondent.

Before BAUER, Chief Judge, and POSNER and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

The union representing 11 employees of Augusta Bakery Corp. called a strike in November 1985. Augusta continued oper-

ating with non-striking employees and "permanent replacements". In February 1986 the union told the Immigration and Naturalization Service that the replacements were aliens not authorized to work in the United States. The INS conducted a raid and carted off 12 employees. It promptly released three, concluding that they were lawfully working at Augusta. The other nine, aliens apparently without legal entitlement to work at the Bakery, agreed to leave the United States voluntarily by September 1986 and went back to work. They were still there when the union offered to return to work in March 1986. Augusta declined to rehire the union's members, on the ground that two had engaged in misconduct, three had retired, and six had been permanently replaced. The union took the view that the aliens, under order to depart, were not lawful "permanent" replacements and therefore had to stand aside. It also contended that there had been neither misconduct nor retirements.

Both Augusta and the union protested to the General Counsel of the National Labor Relations Board that the other had committed unfair labor practices. Augusta contended that the union's call to the INS violated the rights of the aliens. Cf. *Sure-Tan, Inc. v. NLRB*, 467 U.S. 883, 104 S.Ct. 2803, 81 L.Ed.2d 732 (1984) (tip by employer as part of drive to undermine union is unfair labor practice). The union contended that Augusta's failure to rehire employees who had made an unconditional offer to return to work was unlawful unless the workers had been "permanently replaced" —which they had not been, the union said, because the replacements were under orders to leave the country. Augusta replied in part that the union, having procured such orders by skulduggery, could not take advantage of them to open up jobs for its members. The General Counsel issued unfair labor practice charges on both complaints, the charges were consolidated, and the administrative law judge began taking evidence in October 1986 but soon recessed the hearing.

When the hearing reconvened in February 1988, the General Counsel and the union announced that they had settled the charges against the union. The union would pay a total of $130 to the three employees who should not have been detained by the INS and would promise not to call the INS in the future; the General Counsel would withdraw the charge of unfair labor practices. Augusta, as the charging party, objected, but the ALJ approved the settlement. Under 29 C.F.R. § 102.26 Augusta was entitled to petition the Board for review. This review is discretionary. In addition to approving the settlement, the ALJ indicated that he viewed the General Counsel's complaint against Augusta as putting in issue all of Augusta's conduct from the beginning of the strike through the date of the hearing, and the Bakery thought that in reviewing this evidence he would disregard its claim that the union's complaint to the INS was unlawful. Viewing this as a de facto addition to the complaint—and alarmed about the effects on its defense—Augusta asked the Board for interlocutory review of this decision, too. By order of March 28 the Board declined to review either aspect of the ALJ's decision.

The ALJ then set April 4 as the date for resumption of the hearing. Augusta filed a petition for review under § 10(f) of the National Labor Relations Act, 29 U.S.C. § 160(f), and asked this court to stay the hearing. We declined to issue a stay; the hearing began on April 4 and ended on April 7. The Board meanwhile has asked us to dismiss the petition for want of jurisdiction, contending that it has not issued a "final" order.

■ This case is far from over. At the time Augusta filed a petition for review, the ALJ was set to hear evidence; the ALJ now has the case under advisement. The Board has refused to intervene, finally or otherwise. It has entered no order at all. Augusta contends that the ALJ's enlargement of the period covered by the complaint—and his potential rejection of a defense based on the union's beef to the INS—is a "collateral" order immediately appealable. We need not decide whether "collateral" decisions of administrative

agencies are ever immediately reviewable, because this decision was not collateral. It goes to the heart of the case—the scope of the charge and permissible legal defenses. It deals directly with the merits, may be reviewed on appeal from a final decision, and is the polar opposite of a "collateral" order. The most Augusta can say is that if the ALJ made a mistake, the hearing must be redone, at some cost in time and money. It is a bedrock principle of administrative law, however, that this sort of cost does not make an interlocutory order "final". *FTC v. Standard Oil Co.*, 449 U.S. 232, 244, 101 S.Ct. 488, 495, 66 L.Ed.2d 416 (1980). We have recently concluded that contentions of this character are sanctionable under Fed.R.App.P. 38, see *PaineWebber Inc. v. Farnam*, 843 F.2d 1050 (7th Cir.1988), and although sanctions are inappropriate in this case because of the complications caused by the approval of the settlement, we are disappointed to see shopworn arguments presented as if they were serious.

■■■ Augusta insists that even if there is no final order concerning the pending charge, the disposition of its complaint against the union is "final" and reviewable under § 10(f). The General Counsel issued and then withdrew a complaint, and there is nothing more for the Board to do. Yet the Board has refused to adjudicate the claim, and it is far from clear that the subject is ever reviewable. A decision by the General Counsel not to issue a complaint is not judicially reviewable, see *Sparks v. NLRB*, 835 F.2d 705 (7th Cir. 1987). *NLRB v. United Food & Commercial Workers Union*, — U.S. —, 108 S.Ct. 413, 98 L.Ed.2d 429 (1987), holds that an "informal settlement" of a complaint issued by the General Counsel also is not reviewable. In *United Food Workers* the General Counsel issued a complaint and withdrew it as part of a settlement before a hearing got underway. The only penalty for failure to abide by the settlement was reinstatement of the complaint.

Augusta ignores *United Food Workers.* But if it had discussed the case, it might have tried to distinguish it by saying that this case was settled while the ALJ had jurisdiction of it. Under the Board's rules, the General Counsel may not settle the case unilaterally once the hearing begins but must persuade the ALJ to approve the settlement. The ALJ approved this one. Perhaps this is a final decision of the Board, reviewable under § 10(f). Compare *Stromberg–Carlson Communications, Inc. v. NLRB*, 580 F.2d 939 (9th Cir.1978), with *United Food & Commercial Workers Union v. NLRB*, 840 F.2d 171 (3d Cir.1988).

The difficulty is that the Board neither approved the settlement nor issued an order. It declined to review the subject, and the remedy in the event the settlement breaks down is the same as in *United Food Workers:* reinstatement of the complaint. Informal settlements before the start of the hearing, like informal settlements thereafter, are subject to discretionary review under § 102.26. So it looks as if there is no substantial difference between the settlement here and the one in *United Food Workers.* Neither is reviewable because, in the end, each is the dismissal of the charge on conditions satisfactory to the General Counsel.

One thing gives us pause. After describing the informal settlement procedure in *United Food Workers,* and observing that the General Counsel's decision was subject to discretionary review by the Board under § 102.26, the Court added that the Board "has not suggested that an order of an administrative law judge *accepting* a settlement would not always be subject to Board review." 108 S.Ct. at 420 n. 15 (emphasis in original). Perhaps, then, the Court thought that settlements after the hearing begins are invariably orders of the Board, so that review would lie in our case to the extent of ordering the Board to act on Augusta's petition, despite the discretionary character of § 102.26.

The Board obviously has a different view, and a court ought to accept the Board's view of its own regulation. See *United Food Workers,* 108 S.Ct. at 421; *Homemakers North Shore, Inc. v. Bowen,* 832 F.2d 408, 412 (7th Cir.1987). We need not come to closure on the question, how-

ever, because even if the Board's failure to act on the settlement would be reviewable as an independent matter, it is *not* independent. There were two charges, which had been consolidated. After consolidation, they were like two counts of a single complaint. Cf. *Sandwiches, Inc. v. Wendy's International, Inc.,* 822 F.2d 707 (7th Cir. 1987). An order of a tribunal, judicial or administrative, disposing of some but not all of the claims in a single case is not "final". District courts may facilitate an earlier appeal by entering a partial final judgment under Fed.R.Civ.P. 54(b), and perhaps the Board has a similar way to disaggregate claims, but none was used in this case. Although the ALJ severed the complaints to the extent of approving the settlement of one while continuing with the adjudication of the other, the Board entered a single order, declining to act on either charge. It did not hint that it was done with one but reserving judgment on the other; it treated them as a unit. Augusta tells us that they are not logically separate, which is why it wants immediate review of both aspects of the case. We therefore conclude that no matter the proper treatment of informal settlements of cases after the start of hearings, the settlement in this case is not "final". If after the Board has finally disposed of the pending charge Augusta should file a new petition for review, there will be time enough to determine the judicial role, if any, with respect to informal settlements of this character.

The petition for review is dismissed for want of jurisdiction.