INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIPBUILDERS, BLACKSMITHS, FORGERS AND HELPERS, OF AMERICA, AFL–CIO, BOILERMAKERS UNION LOCAL 6, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 87–7494.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 14, 1988.

Decided April 14, 1989.

David A. Rosenfeld, Van Bourg, Weinberg, Roger & Rosenfeld, San Francisco, Cal., for petitioner.

Corrina Metcalf, N.L.R.B., Washington, D.C., for respondent.

Before TANG and BEEZER, Circuit Judges, and KING *, District Judge.

TANG, Circuit Judge:

The International Brotherhood of Boilermakers seeks review of an order of the National Labor Relations Board ruling that Administrative Law Judges and the Board have no authority to review the NLRB's General Counsel's decision to withdraw an unfair labor practice complaint after the hearing has commenced but before evidence "on the merits" has been introduced. The Petition for Review is denied.

*Background*

On January 27, 1987, Boilermakers Local 6 ("Union") filed an unfair labor practice charge against Solano Rail Car Co. with the National Labor Relations Board ("Board"). On March 31, 1987, the Union filed a second unfair labor practice charge. The Board ordered consolidation and set hearing for June 18, 1987. The hearing opened on June 18, 1987, and the Administrative Law Judge ("ALJ") granted the General Counsel's motions to introduce formal papers, to sever the cases, and to continue the hearing.

On July 7, 1987, the hearing resumed. General Counsel moved for leave to withdraw the complaint on the ground that new information showed that there was insufficient evidence to proceed with the complaint. After extended argument and another continuance, the ALJ denied the General Counsel's motion to withdraw. She then permitted the charging party to produce evidence in support of the complaint

* Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

after the General Counsel had refused to do so.

General Counsel appealed the ALJ's denial of his motion to withdraw the complaint on August 20, 1987. The Board overruled the ALJ on October 27, 1987, and held that the General Counsel had "prosecutorial discretion" to withdraw the complaint when "the General Counsel has not yet presented evidence on the merits...."

■ Because the Board did not review the merits of the ALJ's decision, but held rather that the General Counsel's decision to withdraw the complaint was an act of nonreviewable prosecutorial discretion, the NLRB argues that this court's review is limited to deciding whether the General Counsel's decision was an act of prosecutorial discretion.

We hold that the General Counsel's decision to withdraw the complaint was an act of prosecutorial discretion which is non-reviewable.

## DISCUSSION

While this court normally reviews decisions involving statutory interpretation *de novo*, this court will uphold an agency's interpretation when (as here) "the statute [29 U.S.C. § 160] is silent or ambiguous with respect to the specific issue ... [and] the agency's answer is based on a permissible construction of the statute." *Chevron USA, Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984). Under this principle, the courts "have traditionally accorded the Board deference with regard to its interpretation of the NLRA as long as its interpretation is rational and consistent with the statute." *NLRB v. United Food & Com'l Workers Union Local 23*, 484 U.S. 112, 108 S.Ct. 413, 421, 98 L.Ed.2d 429 (1987).

A federal court has the authority to review only those Board orders which are *final*. 29 U.S.C. § 160(f). The Supreme Court has concluded that the Board has "final" authority only over the adjudication of complaints:

The words, structure, and history of the NLRA clearly reveal that Congress intended to differentiate between the General Counsel's and the Boards' final authority along a prosecutorial versus adjudicatory line.

*United Food*, 108 S.Ct. at 421.

Thus, if the General Counsel's decision to withdraw his complaint was an act of "prosecutorial discretion," there is no opportunity for judicial review. If, however, the withdrawal of the complaint was a matter for "adjudication" by the ALJ, then the Board on remand presumably would have the discretion to decide to affirm, reverse, or simply refuse to review the ALJ's denial of the General Counsel's motion to withdraw the complaint. *See* 29 C.F.R. § 102.26 (1988) (Board has discretion whether or not to review an ALJ's rulings on motions). If the Board's decision were then appealed, this court might need to examine again the question of "finality." *See Augusta Bakery Corp. v. NLRB*, 846 F.2d 445, 447 (7th Cir.1988) (questioning whether the Board has issued a final order when it merely exercises its discretion under § 102.26 not to review an ALJ's ruling).

None of the Board's regulations address the specific situation of the General Counsel's withdrawal of a complaint after the hearing has commenced. Section 102.35 gives an ALJ wide authority, subject to the rules and regulations of the Board. This authority includes the authority "to dismiss complaints or portions thereof." 29 C.F.R. § 102.35(h). Section 102.18 creates an exception to the ALJ's authority under Section 102.35 by providing that a "complaint may be withdrawn *before the hearing* by the regional director on his own motion." 29 C.F.R. § 102.18 (emphasis added). By specifying that the ALJ's approval is not necessary before the hearing, Section 102.-18 implies that such approval is necessary once the hearing has begun.

■ However, the Board has the authority to alter its public position on matters of labor law either through changes and additions to its regulations *or* through Board decisions. *See NLRB v. Bell Aerospace Co.*, 416 U.S. 267, 294, 94 S.Ct. 1757, 1771,

40 L.Ed.2d 134 (1974); *NLRB v. Wyman–Gordon Co.,* 394 U.S. 759, 770–75, 89 S.Ct. 1426, 1432–35, 22 L.Ed.2d 709 (1969). "There appears to be no situation in which the Board's articulation of a principle *must* be done through one mode to the exclusion of the other.... '[T]he choice made between proceeding by general rule or by individual, *ad hoc* litigation is one that lies primarily in the informed discretion of the administrative agency.'" Gorman, *Labor Law,* at 16 (1976) (citation omitted).

Both parties rely on the Supreme Court's decision in *United Food.* That case does not address the issue here. In *United Food,* "[t]he sole dispute [was] whether a postcomplaint, prehearing informal settlement is subject to judicial review." 108 S.Ct. at 420. The Court in *United Food* noted legislative history establishing that the General Counsel "is to have the final authority ... in respect of [sic] the prosecution of ... complaints before the Board." *Id.* at 421 (citation and emphasis omitted). The Court recognized that the determination of what is "prosecutorial" is sometimes difficult, and it accordingly avoided any sweeping pronouncements. *See, id.* at 422 (*"until a hearing is held* the Board has taken no action; no adjudication has yet taken place ... we fail to see why the General Counsel should have the concededly unreviewable discretion to file a complaint, but not the same discretion to withdraw the complaint *before hearing....")* (emphasis added; original emphasis omitted).

The only relevant Ninth Circuit case is *International Assn. of Machinists v. Lubbers,* 681 F.2d 598 (9th Cir.1982), *cert. denied,* 459 U.S. 1201, 103 S.Ct. 1185, 75 L.Ed.2d 432 (1983). In *Lubbers,* the court noted legislative history suggesting that Congress intended to vest "vast and unreviewable" power in the General Counsel. *Id.* at 603 (citation omitted). The *Lubbers* court found that the General Counsel's decision to withdraw a complaint is a nonreviewable act of prosecutorial discretion. Although *Lubbers* involved a prehearing withdrawal of a complaint, we did not base the decision on the timing of the General Counsel's withdrawal of the complaint but

rather on the reason for it. We strongly suggested that the General Counsel always exercises nonreviewable prosecutorial discretion when he withdraws a complaint because he no longer believes the evidence supports it:

> [J]urisdiction to review General Counsel's prosecutorial decisions does not depend upon whether or not he has issued a complaint. It is the character of the decision which is critical. Where, as here, the decision is fundamentally prosecutorial—based essentially upon a determination that the available evidence will not support prosecution of the alleged violation—we hold that we lack jurisdiction to review.

*Id.* at 604–05 (quoting *George Banta Co, Inc., v. NLRB,* 626 F.2d 354, 356 (4th Cir. 1980), *cert. denied,* 449 U.S. 1080, 101 S.Ct. 862, 66 L.Ed.2d 803 (1981)).

In *Cuyahoga Valley R. Co. v. United Transp. Union,* 474 U.S. 3, 106 S.Ct. 286, 88 L.Ed.2d 2 (1985) (per curiam), the Supreme Court held that the Secretary of Labor enjoys nonreviewable prosecutorial discretion to withdraw a citation even after the Occupational Safety and Health Commission has commenced a hearing and heard at least some evidence on the merits. Although the *Cuyahoga* Court did not refer to the NLRB, its reasoning is applicable here inasmuch as the division between the Board and the General Counsel parallels that between the Occupational Safety and Health Commission and the Secretary of Labor:

> The Sixth Circuit's conclusion that the Commission can review the Secretary's decision to withdraw a citation.... would also allow the Commission to make both prosecutorial decisions and to serve as the adjudicator of the dispute, a comingling of roles that Congress did not intend. Indeed, the Commission itself was created to avoid giving the Secretary both prosecutorial and adjudicatory powers.

*Id.* at 7, 106 S.Ct. at 288 (citations omitted).

*Policy Arguments*

Finally, an ALJ cannot find a complaint's allegations have been proven until evidence

on the merits has been introduced. If the General Counsel refuses to introduce this evidence, the ALJ must then either attempt to compel her to do so or allow the charging party to introduce evidence (as the ALJ did in this case). In other words, the ALJ must either severely compromise the prosecutorial independence of the General Counsel or in effect convert the proceeding into a two-party private litigation. Either result is inconsistent with Congress's clear intent to create an essentially prosecutorial system of litigation in which the Board enjoys adjudicatory authority and the General Counsel enjoys prosecutorial authority.

## CONCLUSION

The National Labor Relations Board's order that Administrative Law Judges and the Board have no authority to review the NLRB's General Counsel's decision to withdraw an unfair labor practice complaint after the hearing has commenced but before evidence on the merits has been introduced is upheld.

The Petition for Review is DENIED.